OPINION
 "I. THE DEFENDANT-APPELLANT WAS DENIED DUE PROCESS OF LAW AS GUARANTEED BY THE CONFRONTATION CLAUSE OF THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION AFTER THE TRIAL COURT DETERMINED THAT THE CHILD VICTIM WAS COMPETENT TO STAND TRIAL, RELIED ON THE CHILD VICTIM'S TESTIMONY AND FOUND DEFENDANT-APPELLANT DELINQUENT.
 II. THE TRIAL COURT ERRED IN FINDING DEFENDANT-APPELLANT DELINQUENT AS IT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED AT TRIAL."
Before appellant's adjudicatory hearing began, the magistrate conducted a competency voir dire examination of the six year-old victim. Appellant specifically contends, in his brief, that he "* * * does not take issue with the manner or process in which the trial court made its initial determination that the child victim was competent to testify." Appellant contends, however, that it is evident from his ultimate testimony that the victim was an incompetent witness.
 "In determining whether a child under ten is competent to testify, the trial court must take into consideration (1) the child's ability to receive accurate impressions of fact or to observe acts about which he or she will testify, (2) the child's ability to recollect those impressions or observations, (3) the child's ability to communicate what was observed, (4) the child's understanding of truth and falsity and (5) the child's appreciation of his or her responsibility to be truthful." State v. Frazier (1991), 61 Ohio St.3d 247, syllabus.
A determination of competency is within the sound discretion of the trial judge. Id. at 251.
During the child's voir dire, the magistrate asked the victim his age and his date of birth. The victim stated he was six years-old and that his birthday was on May 7. In response to further questioning, the victim stated his address, told the magistrate he was in the first grade and gave the name of his teacher. The victim named all five of his older siblings. He gave the name of his dog and described it as a "husky." The victim explained to the magistrate that a lie was "a story" and that he gets into trouble with his parents if he tells a lie.
The magistrate concluded that the victim was competent to testify. On direct examination, the victim identified appellant and explained that appellant used to be his neighbor. The victim testified that appellant and he used to play basketball and ride bikes together. The victim testified that one day, after his birthday, he was riding bikes with appellant when appellant suggested that the victim pull his pants down. The victim testified that appellant then engaged in anal and oral intercourse with him. Afterwards, appellant told the victim they could no longer be friends if the victim told anyone what had happened. The victim testified that these events took place after lunch and before dinner on a day that was warm. That night, the victim testified he told his mom what appellant had done.
We have thoroughly reviewed the testimony at issue and, taking into consideration the factors listed in Frazier, supra, we conclude that the court did not abuse its discretion in determining that the child was a competent witness. Accordingly, appellant's first assignment of error is found not well-taken.
In his second assignment of error, appellant contends that the trial court's adjudication of delinquency was against the manifest weight of the evidence.
Appellant was adjudicated delinquent for committing the offense of rape, a violation of R.C. 2907.02 (A)(1)(B). Appellant was eleven years old at the time of the offense. The elements of R.C. 2907.02 (A)(1)(B) are as follows:
 "[N]o person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:
* * *
 (b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person."
Weight of the evidence indicates that the greater amount of credible evidence supports one side of an issue more than the other. State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting Black's Law Dictionary (6 Ed. 1990) 1594. The Ohio Supreme Court has defined the standard applied to determine whether a criminal conviction is against the manifest weight of the evidence:
 "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a `thirteenth juror' and disagrees with the fact finder's resolution of the conflicting testimony." Id. at 388, citing Tibbs v. Florida (1982), 457 U.S. 31, 42.
To determine whether this is an exceptional case where the evidence weighs heavily against conviction, an appellate court must review the record, weigh the evidence and all reasonable inferences, and consider the credibility of witnesses. Id., quoting State v. Martin (1983), 20 Ohio App.3d 172, 175.
Three witnesses testified at appellant's hearing. The child victim, the victim's mother and appellant. As discussed above, the child victim testified he was raped by appellant. The victim's mother testified that on the night of the alleged offense, her son told her he was raped by appellant. Appellant denied the allegations.
No physical evidence of appellant's delinquency was introduced in this case. As such, the state's case hinged on the credibility of the child victim. Having already determined that the court did not err in finding the child victim to be a competent witness, we conclude that the state provided substantial evidence that, if believed, would convince the average mind that appellant was delinquent by reason of rape. Accordingly, appellant's second assignment of error is found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Common Pleas Court, Juvenile Division, is affirmed. Costs assessed to appellant.
JUDGMENT AFFIRMED.
 Peter M. Handwork, P.J.
 Melvin L. Resnick, J.
 Richard W. Knepper, J.
CONCUR.