OPINION.
This appeal involves two criminal cases that were consolidated for trial. In both cases, Mionnia Pies was the defendant. The victims in both cases were Paul and Jennie Lam, a married Vietnamese couple. Pies and the Lams are landlords who own and reside in rental properties that share a common driveway. They apparently have had a history of disputes involving things such as competition for tenants and noise complaints. Pies admits that, on occasion, she has made demeaning statements to the Lams about their Vietnamese heritage.
The first case involves an incident that occurred on August 19, 1998. On that date, Pies allegedly threatened over the phone to Mr. Lam that she was going to shoot him and Mrs. Lam. For this incident, Pies was brought to trial on a charge of ethnic intimidation under R.C. 2927.12.[1]
The second case involves an incident that occurred on October 19, 1998, when Pies allegedly threatened Mrs. Lam with a knife during an argument over the removal of trash outside of their homes. For this incident, Pies was brought to trial on separate counts of disorderly conduct under R.C. 2917.11(B), assault under R.C. 2903.13(A), menacing under R.C. 2903.22, and ethnic intimidation under R.C. 2927.12.[2]
A bench trial was held. The court found Pies guilty of ethnic intimidation in both cases and not guilty of the other counts. Pies now appeals her convictions for ethnic intimidation. She asserts three assignments of error, all of which we reject.
I. Inconsistent Findings
In her first assignment, which involves only the October 19 incident, Pies asserts that the court should not have found her guilty of ethnic intimidation under R.C. 2927.12, when it found her not guilty on the separate count of menacing under R.C. 2903.22. This assignment stems from the language of R.C.2927.12, which states:
 (A) No person shall violate section * * * 2903.22
* * * of the Revised Code by reason of the race, color, religion, or national origin of another person or group of persons.
 (B) Whoever violates this section is guilty of ethnic intimidation. Ethnic intimidation is an offense of the next higher degree than the offense the commission of which is a necessary element of ethnic intimidation.
Because a violation of R.C. 2903.22 is a predicate under the ethnic-intimidation statute, Pies argues that she should not have been found guilty of ethnic intimidation in light of the court's finding of not guilty on the separate menacing count under R.C.2903.22. (The argument does not apply for the case involving the August 19 incident, because that case did not involve a menacing count.)
Pies's argument involves the issue of inconsistent findings or verdicts. This issue has received substantial attention in the courts. While it is true that the findings in this case were inconsistent, case law leads us to the conclusion that the court properly found Pies guilty of ethnic intimidation.
In United States v. Powell,[3] the United States Supreme Court addressed the issue of inconsistent verdicts. In that case, a jury found the defendant not guilty of possession of cocaine with intent to distribute and conspiracy to possess cocaine with intent to distribute. But the jury found the defendant guilty of a count of telephone solicitation to distribute cocaine. Although the possession and conspiracy charges were predicates to the telephone-solicitation charge, the Supreme Court held that the inconsistent verdicts could not be overturned. The Court explained, "[I]nconsistent verdicts — even verdicts that acquit on a predicate offense while convicting on the compound offense — should not necessarily be interpreted as a windfall to the Government at the defendant's expense. It is equally possible that the jury, convinced of guilt, properly reached its conclusion on the compound offense, and then through mistake, compromise, or lenity, arrived at an inconsistent conclusion on the lesser offense. But in such situations the Government has no recourse if it wishes to correct the jury's error; the Government is precluded from appealing or otherwise upsetting such an acquittal by the Constitution's Double Jeopardy Clause."[4] The Court concluded that appellate courts should not reverse judgments based solely on inconsistent verdicts. Rather, the Court concluded that reversals should be based on the traditional protections given to defendants, such as sufficiency-of-the-evidence challenges.[5]
The Ohio Supreme Court has followed the Powell rationale.[6]
While the policy enunciated in Powell applied to jury trials, we believe that certain principles apply with equal force to bench trials. A judge, like a jury, might reach inconsistent findings based on lenity or mistake. That is, there might be cases (such as here) where a judge could very easily convict a defendant on a predicate offense, but, out of lenity, decide only to convict on the compound offense, feeling that the crime in the lesser offense was subsumed in the greater offense. Thus, we do not believe that we should second-guess a judge's decision based on inconsistent findings alone. Other courts have so concluded.[7]
Further, we are bound by the following general principle of law in Ohio: "The several counts of an indictment containing more than one count are not interdependent[,] and an inconsistency in a verdict does not arise out of inconsistent responses to different counts, but only arises out of inconsistent responses to the same count."[8]
Thus, we reject Pies's first assignment. The fact that the court's findings on the different counts were inconsistent does not mean that Pies's ethnic-intimidation conviction must be reversed. To reverse, we would have to conclude that the conviction was either based on insufficient evidence or against the manifest weight of the evidence, which brings us to Pies's second and third assignments.
II. Sufficiency and Manifest Weight
Pies's second and third assignments challenge the sufficiency and weight of the evidence, respectively, for both of her ethnic-intimidation convictions. To reverse a conviction for insufficient evidence, an appellate court, reviewing the evidence in the light most favorable to the prosecution, must conclude that no reasonable trier of fact could have found the defendant guilty.[9] In reviewing a manifest-weight issue, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether the trier of fact clearly lost its way and created a manifest miscarriage of justice.[10]
Pies initially argues that the court should not have found that she was guilty of menacing under R.C. 2903.22, the predicate offense for ethnic intimidation in both cases. R.C.2903.22(A) states, "No person shall knowingly cause another to believe that the offender will cause physical harm to the person or property of such other person, such other person's unborn, or a member of the other person's immediate family." (Aggravated menacing under R.C. 2903.21 is also a predicate offense for ethnic intimidation. But, here, R.C. 2903.22, not R.C. 2903.21, was the predicate statute in both cases.)
Concerning the August 19 incident, Mr. Lam testified that he received a telephone call from Pies, in which Pies threatened to get her gun and shoot him and his wife. Mr. Lam explained that he took the threat seriously, and Mrs. Lam added that, out of fear, she called a neighbor to watch out for her and Mr. Lam when they left the house. On the other hand, Pies denied ever making the threat. Pies presented the testimony of a witness, Shanda Potter, who stated that she was listening to the phone call and that she never heard Pies make a threat. Based on our review of the record, we conclude that there was sufficient evidence to find Pies guilty of menacing under R.C. 2903.22. We also hold that the conclusion that Pies violated R.C. 2903.22 was not against the manifest weight of the evidence. Despite Pies's denial of making the threat, a reasonable factfinder could have concluded, based on the Lams' testimony, that Pies knowingly caused the Lams to believe that they would be shot, and that the Lams genuinely feared for their safety.
Similarly, regarding the October 19 incident, there was sufficient evidence to conclude that Pies violated R.C. 2903.22, and that conclusion was not against the manifest weight of the evidence. Again, Pies denied making any threat. But Pies's testimony was contradicted by that of Mrs. Lam, who stated that Pies pulled out a knife in front of her and threatened to kill her. Mrs. Lam stated that she feared for her safety and called the police as a result.
Thus, for both the August 19 and October 19 incidents, the court could — and did — properly find that Pies was guilty of menacing under R.C. 2903.22, the predicate offense under R.C.2927.12. Further, based on our review of the record, we conclude that the court properly found that Pies violated R.C. 2903.22 "by reason of the * * * national origin" of the Lams. In fact, several witnesses testified that Pies was known for her demeaning comments toward the Lams' Vietnamese heritage, and Pies admitted making certain comments in the past. For both the August 19 and October 19 incidents, the record reflects that Pies's threats were accompanied by verbal insults regarding Mr. and Mrs. Lam's national origin: with words such as "ugly oriental," "yellow monkey," and "gook," as well as charges that the Lams should not "live in this country." On August 19, for instance, Pies stated to Mrs. Lam, "Call the police, go ahead and call the police, and they will not believe you, a yellow ugly monkey, against an American white lady." Comments such as these are sufficient evidence of ethnic intimidation under R.C. 2927.12. Thus, we hold that the court properly concluded that Pies was guilty of that offense in both instances.
Therefore, we overrule Pies's second and third assignments, and affirm the judgments of the trial court.
Gorman, P.J., and Winkler, J., concur.
[1] Trial No. 98CRB-34187, Appeal No. C-990241.
[2] Trial No. 98CRB-42984, Appeal No. C-990242.
[3] (1984), 469 U.S. 57, 105 S.Ct. 471.
[4] Id. at 65, 105 S.Ct. at 476-477.
[5] See id. at 67, 105 S.Ct. at 478.
[6] See, e.g., State v. Hicks (1989), 43 Ohio St.3d 72, 78,538 N.E.2d 1030, 1037.
[7] See, e.g., United States v. Wright (C.A.11, 1995),63 F.3d 1067, 1073; State v. Collins (Sept. 22, 1995), Athens App. No. 94CA1639, unreported; State v. Lynch (Mar. 30, 1989), Cuyahoga App. No. 53633, unreported; but, see, e.g., Maryland v. Anderson
(Md. 1990), 320 Md. 17, 29, 575 A.2d 1227, 1233.
[8] State v. Lovejoy (1997), 79 Ohio St.3d 440, 683 N.E.2d 1112, paragraph one of the syllabus; see, also, State v. Ware (Sept. 22, 1994), Cuyahoga App. No. 65917, unreported.
[9] State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
[10] State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717, 720.