[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The appellant, in his first assignment of error, contends that his conviction for carrying a concealed weapon was contrary to the manifest weight of the evidence, when he had sustained his burden of proving by a preponderance of the evidence the affirmative defenses to the charge set forth in R.C. 2923.12(C)(1) and (2). See R.C. 2901.05(A) (which places upon the accused the burden of proving an affirmative defense by a preponderance of the evidence). To the contrary, we find nothing in the record of the proceedings below to suggest that the trial court, in resolving the conflicts in the evidence, lost its way or created such a manifest miscarriage of justice as to warrant the reversal of the appellant's conviction. See Tibbs v. Florida (1982), 457 U.S. 31,102 S.Ct. 2211; State v. Martin (1983), 20 Ohio App.3d 172, 485 N.E.2d 717. We, therefore, overrule the first assignment of error.
In his second assignment of error, the appellant challenges the denial of his Crim.R. 33(A)(2) motion for a new trial on the ground of prosecutorial misconduct. Prosecutorial misconduct will provide a basis for a new trial only if the misconduct deprived the accused of a fair trial. See State v. Johnston (1988), 39 Ohio St.3d 48, 59, 529 N.E.2d 898,910. In the proceedings below, the assistant prosecuting attorney improperly posed to the appellant on cross-examination a series of questions containing facts that were not otherwise admitted into evidence. See State v. Perry (Jan. 29, 1997), Hamilton App. No. C-960302, unreported; State v. Daugherty (1987), 41 Ohio App.3d 91,92-93, 534 N.E.2d 888, 890. But such misconduct cannot be said to have deprived the appellant of a fair trial, when the record does not affirmatively demonstrate that the trial court, sitting as the trier of facts, relied upon the information thereby conveyed in arriving at its finding of guilt. See State v. Post (1987), 32 Ohio St.3d 380, 383,513 N.E.2d 754, 759; State v. White (1968), 150 Ohio St.2d 146, 151,239 N.E.2d 65, 70 (holding that a reviewing court must presume that the trial court, in the trial of a criminal charge to the bench, considered only relevant, material, and competent evidence, unless the record affirmatively demonstrates otherwise); accord State v. Bays (1999),87 Ohio St.3d 15, 27, 716 N.E.2d 1126, 1140. We, therefore, overrule the second assignment of error.
Accordingly, we affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Winkler and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.