OPINION
Defendant-appellant, Rashawn L. Skinner, appeals his conviction for trafficking in cocaine, a violation of R.C. 2925.03. He argues that his conviction is supported by insufficient evidence and is against the manifest weight of the evidence because the identification of appellant as the person who sold drugs at Children's Hospital was wholly based upon the testimony of the undercover officer who had only a brief encounter with the person who sold the drugs. We disagree because, viewing the evidence in the light most favorable to the prosecution, we find that a rational trier of fact could have found the essential element of identity proven beyond a reasonable doubt, and because we find that the jury did not lose its way in resolving conflicts in the evidence and did not create a manifest miscarriage of justice, we affirm the judgment of the trial court.
On March 24, 1998, Dana A. Croom, a detective with the Narcotics Bureau of the Columbus Police Department ("CPD"), and his confidential informant ("CI"), made arrangements to purchase crack cocaine from a person known as Shawn. Around 9:45 p.m., Croom and his CI used a pay phone to call Shawn's pager. Shawn returned the call five to ten minutes later, and arranged with the CI to meet at Children's Hospital at 10:20 p.m. and sell the cocaine for eight hundred and twenty-five dollars.
CPD officers took up surveillance positions in the area. These officers advised Croom that the suspect was wearing a red Ohio State University sweatshirt, similar to what Shawn had told the CI that he would be wearing, and had exited a blue Cadillac. Croom and the CI entered Children's Hospital near the emergency room. Other CPD personnel were in the area.
Shawn greeted Croom and the CI and they all went into a nearby men's restroom. Shawn produced a baggie containing a substance, which appeared to be crack cocaine. The CI weighed the substance on a set of scales provided by Croom. The scales registered a weight of twenty-six grams. The CI gave three hundred and eighty dollars of the purchase price to Shawn, and Croom gave him the remainder. Croom took possession of the substance. Shawn identified himself as "Shawn Skinner" and identified his supplier as "Ron Skinner." The transaction took from five to ten minutes. Croom and the CI left the bathroom first.
The suspect left Children's Hospital and no one followed him. By the following day, Croom obtained a photograph of appellant to establish the identity of the person from whom he had purchased the drugs.
The state indicted appellant for one count of trafficking in cocaine, a violation of R.C. 2925.03 and alleged in the indictment that the offense was committed in the vicinity of a juvenile. The case was tried to a jury.
Croom testified and identified appellant as the person who sold him drugs in Children's Hospital on March 24, 1998. He stated that "[t]here is no question in my mind" that appellant was the person who sold him the drugs. He explained that after the purchase, he returned to the police station where he obtained a picture of the appellant and positively identified him as the person who sold him drugs.
Through his testimony, Croom addressed appellant's argument that CPD had not done enough to ensure that appellant was the person who sold drugs to Croom on March 24, 1998. Croom testified that he did not wear a wire to record the buy because it was the first time he had dealt with Shawn and drug dealers often pat down people the first time they deal with them. He explained that he could not arrange to videotape the buy because Shawn did not say exactly where the buy would take place. He explained that they did not fingerprint the bag because it became contaminated when he and the CI touched it. He also explained that CPD could not fingerprint the restroom because it would have drawn attention to the investigation, which he did not want to do because they thought that Shawn may have been an employee of Children's Hospital. He testified further that he did not record the serial numbers of the money used in the transaction because they did not intend to arrest Shawn after the buy and because his supervisor did not require him to do so.
Appellant argued to the jury that CPD had charged appellant as a result of "sloppy police work." He pointed out that the police had not obtained fingerprints, a videotape, or an audiotape, and did not follow Shawn to his residence.
The jury found appellant guilty and the trial court sentenced him to nine years imprisonment. Appellant appeals and assigns the following error:
 APPELLANT'S CONVICTION WAS NOT SUPPORTED BY THE EVIDENCE AS THE STATE FAILED TO PROVE THE ELEMENT OF IDENTITY BEYOND A REASONABLE DOUBT.
Although his assignment of error seems to assert only that his conviction is not supported by sufficient evidence, appellant argues that his conviction is both not supported by sufficient evidence and against the manifest weight of the evidence. Since these are distinct arguments and we apply different standards of review, we address each separately.
Appellant first argues that his conviction is supported by insufficient evidence. We disagree.
Sufficiency of evidence is the legal standard that tests whether the evidence introduced at trial is legally sufficient to support a verdict.State v. Thompkins (1997), 78 Ohio St.3d 380, 386. When reviewing whether a verdict is supported by sufficient evidence, an appellate court examines the evidence in the light most favorable to the prosecution and concludes whether any rational trier of fact could have found essential elements of the crime proven beyond a reasonable doubt. State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of the syllabus, followingJackson v. Virginia (1979), 443 U.S. 307, 61 L.Ed.2d 560, 99 S.Ct. 2781. We will not disturb the jury's verdict unless we find that reasonable minds could not reach the conclusion reached by the jury. Jenks at 273.
Viewing the evidence in the light most favorable to the prosecution, we find that a rational trier of fact could have found the essential element of identity proven beyond a reasonable doubt. Croom testified that appellant sold him drugs on March 24, 1998. He further testified that there was no question in his mind that it was the appellant who sold him drugs on that date. Within twenty-four hours of the drug transaction, Croom obtained a photograph of appellant taken in February of 1998 and positively identified it as the person who sold him drugs on March 24, 1998. Further, the person who sold Croom the drugs identified himself as Shawn Skinner. Viewing this evidence in the light most favorable to the appellee, we cannot say that reasonable minds could not find that appellant sold drugs to Croom. Accordingly, we find that appellant's conviction is supported by legally sufficient evidence.
Appellant next argues that his conviction is against the manifest weight of the evidence. He asserts that Croom's identification was suspect because: (1) Croom only viewed Shawn for five minutes, (2) Croom did not testify about how much attention he paid to Shawn's appearance, (3) Croom had difficulty remembering details from the drug transaction, and (4) Croom's identification was not corroborated by any physical evidence. He also argues that it is unlikely that a drug dealer would give out his real name and thus suggests that Shawn had borrowed appellant's identity or was attempting to "pay back" appellant.
In reviewing whether a verdict is against the manifest weight of the evidence, we sit as a "thirteenth juror." Thompkins at 387. Thus, we review the entire record, weigh the evidence and all reasonable inferences, and consider the credibility of witnesses. Id. Additionally, we determine "whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."Id., quoting State v. Martin (1983), 20 Ohio App.3d 172, 175; see, also,Columbus v. Henry (1995), 105 Ohio App.3d 545, 547-548. Reversing a conviction as being against the manifest weight of the evidence is one reserved for only the most "exceptional case in which the evidence weighs heavily against the conviction." Thompkins at 387.
After reviewing the entire record, we find that the jury did not clearly lose its way in resolving conflicts in the evidence and did not create a manifest miscarriage of justice. Croom was unequivocal in his identification of appellant. He identified appellant's picture shortly after the drug transaction and identified appellant in court as the man who sold him drugs at Children's Hospital. The jury is in the best position to judge the credibility of witnesses because the members of the jury are able to view the witnesses and observe their demeanor, gestures and voice inflections. In re Jane Doe 1 (1991), 57 Ohio St.3d 135. That the jury apparently believed Croom's testimony and discounted appellant's theory of sloppy police work does not indicate that the jury clearly lost its way or created a manifest miscarriage of justice. Accordingly, we find that appellant's conviction is not against the manifest weight of the evidence.
Having rejected both of appellant's arguments, we overrule his single assignment of error and affirm the judgment of the trial court.
BROWN and LAZARUS, JJ., concur.
KLINE, J., of the Fourth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.