THE STATE OF OHIO, APPELLEE, *v.*
MARTIN, APPELLANT.

(No. C-820238—Decided
February 9, 1983.)

*Simon L. Leis, Jr.,* prosecuting attorney, *Stephen P. Calardo* and *Melba D. Marsh,* for appellee.
*Arthur C. Church,* for appellant.

BLACK, J. The principal issue in this appeal is whether defendant-appellant, Jimmie Martin (defendant), had the effective assistance of counsel, as required by the Sixth Amendment, when his attorney failed to file a motion to suppress his statement to the police on the ground it was coerced and involuntary. For the reasons stated below, we conclude that defendant's constitutional rights were not violated.

The appeal is from defendant's conviction in a bench trial of complicity in the offense of robbery. Five errors are asserted, three by appellate counsel and two by defendant *pro se.* Counsel's assignments of error are: error in admitting defendant's statement to police because it was induced by threats to incarcerate his wife; a guilty finding against the manifest weight of the evidence; and error in admitting hearsay evidence. Defendant's *pro se* claims, despite the ambiguous language used, will be considered to be assignments of error, in the interest of justice: they are that the evidence was insufficient to sup-

port the conviction, and that defendant's constitutional right to the assistance of counsel was violated. We will consider these five claims in an order different from that in which they were presented, first reviewing the record in detail.

The evidence was that defendant drove an automobile in which another person escaped after forcibly taking a purse from Folirabell Allen. Allen testified that the vehicle was proceeding outbound from a gasoline service station and came to a halt across the sidewalk, stopping her progress. An individual emerged from the passenger side of the front seat, grabbed her purse and wrestled it back into the vehicle, where the driver assisted in pulling the purse from her grasp. The automobile then sped away. Grant Campbell was driving by on the street as the struggle for the purse was in progress, and he stopped within ten or twelve feet to see what was happening. His report about the struggle for the purse substantiated Allen's version. In an exemplary demonstration of civic responsibility, Campbell followed the vehicle as it sped away and copied down the license number when it stopped at a red light. Neither Allen nor Campbell could describe or identify either the robber or the driver. Specialist Charles Ruehlman obtained the name of the registered owner of the vehicle, who was defendant's wife, and found the car parked near her residence address. Defendant and his wife were taken to the office of the Criminal Investigation Section and questioned. Defendant gave a taped statement in which he admitted having his wife's car while she was at work and driving around with Robert Davis, the robber. Defendant stated that as they left the service station, Davis got out of the car, snatched the purse, and reentered the car, suddenly and without warning, whereupon defendant drove away. The purse was discarded in a distant location. This taped statement was played to the trier of fact without objection by defense counsel, but he later objected to its admission in evidence at the close of the state's case, but without specifying any grounds for his objection.

In defense, defendant and his wife conceded that he had her car during the time in question, but defendant then gave an entirely different version of the robbery. He testified that he did not see Davis take Allen's purse, that he left Davis at the service station but that as he pulled away from the service station, Davis hopped into the car and said, "Drive." Defendant looked in his rear vision mirror and saw Allen standing in the street. Sometime later, Davis disclosed that he had a purse hidden on his person. When cross-examined about the obvious discrepancies between this testimony and his taped statement, defendant said that most of the taped statement was false, claiming for the first time on the record that he gave the earlier, taped version to the police because they said they would not release his wife without charge until he confessed on tape.

The claim that hearsay was prejudicially admitted attacks the overruling of defendant's objection to a question addressed to Ruehlman about the registration of the vehicle whose license number had been taken by Campbell. The error, if any, was not prejudicial, because both defendant and his wife testified that it was her car defendant was driving on the day in question. Counsel's third assignment of error is meritless.

Counsel's first assignment of error is also meritless. This claim is that the taped statement should not have been admitted. However, the objection to its admission was made, as noted, at the close of the state's case, before defendant asserted his claim that he was coerced into making it by threats against his wife. We find nothing in the

evidence adduced at that point in the trial, including the taped statement itself, that conceivably could be ground for rejecting it as evidence. Further, counsel made his objection without stating the specific ground, thus failing to meet the requirements of Evid. R. 103(A)(1) when the specific ground is not apparent from the context.

Defendant's *pro se* claim that he was denied the effective assistance of counsel raises a more difficult question. The test to determine the existence of a denial of this constitutional right is, in general terms, "whether the accused, under all the circumstances, * * * had a fair trial and substantial justice was done." *State* v. *Hester* (1976), 45 Ohio St. 2d 71, 79 [74 O.O.2d 156]. In more specific terms, the test involves a two-step process: first, whether there was a substantial violation of any of defense counsel's essential duties to his client, and second, whether the defense was prejudiced by counsel's ineffectiveness. *State* v. *Lytle* (1976), 48 Ohio St. 2d 391 [2 O.O.3d 495], vacated and remanded on other grounds (1978), 438 U.S. 910; see, also, *State* v. *Jackson* (1980), 64 Ohio St. 2d 107 [18 O.O.3d 348]. These tests are equally applicable to direct appeals and to postconviction proceedings under R.C. 2953.21 *et seq.*[1]

Applying the *Lytle* test to the instant case, we fail to find in the record a substantial violation of any of defense counsel's essential duties to his client. Defendant's claim fails to survive the first step. Defense counsel could reasonably have decided that the filing of a motion to suppress would have been a futile act in the instant case. All the evidence substantiates the voluntary character of the taped statement, with the single exception of defendant's testimony that the officers coerced the statement by threatening to jail his wife. However, in the taped statement, defendant twice conceded he was speaking freely and voluntarily and without promise or threat: first, during the thorough exposition of his *Miranda* rights, and second, at the conclusion of the statement. In addition, Ruehlman clearly denied that he had made any threats about defendant's wife. Furthermore, defendant's taped version about what happened was, according to Ruehlman, the same story in all particulars that defendant made before agreeing to record his statement. The taped version coincided at all major points with the testimony of both Allen and Campbell. Finally, defense counsel as a licensed attorney is presumably competent. *State* v. *Lytle, supra.* He was in personal contact with the defendant and the three prosecution witnesses and was in the best possible position to evaluate the probability of success in pursuing a motion to suppress. Under these circumstances, we are unwilling to con-

---

[1] Defendant cites *State* v. *Woolum* (1976), 47 Ohio App. 2d 313 [1 O.O.3d 383], in which we reversed a conviction by reason of the ineffectiveness of counsel inasmuch as defendant's attorney had not filed a motion to suppress evidence seized in contravention of the Fourth Amendment. We find that the instant case is not controlled by the *Woolum* decision, for two reasons. First, the proper test for determining the denial of the constitutional right to counsel's assistance is as set forth in *State* v. *Hester, supra,* and *State* v. *Lytle, supra,* a test that is more specific and rigorous than the test used by this court in the earlier *Woolum* decision (which was, whether a motion to suppress could arguably dispose of the criminal charge against the defendant). Second, while the *Woolum* decision was based on a meager record, as noted in *State* v. *Hope* (Oct. 14, 1981), Hamilton App. No. C-800920, unreported, the instant record is sufficient to demonstrate that defense counsel did not violate any essential duty to defendant in concluding that the filing of a motion to suppress would have been a futile act.

clude as a matter of law that there was any reasonable likelihood the statement would be suppressed. We hold that defense counsel did not violate in a substantial manner any essential duty to defendant.

The remaining assignments are that the guilty finding was (1) not supported by sufficient probative evidence,[2] and (2) against the manifest weight of the evidence. These two claims are governed by entirely different standards. See 3 Wright, Federal Practice and Procedure: Criminal 2d (1982), Section 553.

As to the claim of insufficient evidence, the test is whether after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. The claim of insufficient evidence invokes an inquiry about due process. It raises a question of law, the resolution of which does not allow the court to weigh the evidence. *Jackson* v. *Virginia* (1979), 443 U.S. 307, 319; *United States* v. *Lincoln* (C.A. 8, 1980), 630 F. 2d 1313, 1316; *Dorman* v. *State* (Alaska 1981), 622 P. 2d 448, 453; *Ridley* v. *State* (1976), 236 Ga. 147, 149, 223 S.E. 2d 131, 132; *State* v. *Sorgee* (1978), 54 Ohio St. 2d 464 [8 O.O.3d 452]; *State* v. *Robinson* (1955), 162 Ohio St. 486 [55 O.O. 388]. In the instant case, once the taped statement had been admitted, as was proper, wherein defendant admitted he was at the immediate scene of the robbery, a reasonable trier of fact could find beyond a reasonable doubt that he aided and abetted Davis in the robbery. The conviction was sustained by sufficient evidence.

There being sufficient evidence to support the conviction as a matter of law, we next consider the claim that the judgment was against the manifest weight of the evidence. Here the test is much broader. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. See *Tibbs* v. *Florida* (1982), 457 U.S. 31, 38, 42; *United States* v. *Lincoln, supra,* at 1319; *Dorman* v. *State, supra,* at 454; *State* v. *Robinson, supra; State* v. *Petro* (1947), 148 Ohio St. 473 [36 O.O. 152]; Wright, *supra,* at Section 553. Review of the entire record, including defendant's statements on tape and under oath, fails to persuade us that the trier of fact lost its way and created a manifest miscarriage of justice. Defendant was not convicted against the manifest weight of the evidence.

In sum, we hold that the defendant had a fair trial and that substantial justice was done. None of the assignments has merit. We affirm.

*Judgment affirmed.*

KEEFE, P.J., and DOAN, J., concur.

___

[2] While we have characterized appellant's *pro se* assignment of error as attacking only the sufficiency of the evidence, it is phrased broadly enough to be considered a claim that the verdict is against the manifest weight of the evidence. Obviously, if the evidence is insufficient to support a conviction, the judgment is against the manifest weight of the evidence. Because the assignment makes this broad claim, we do not reach and do not decide the question whether a claim directed solely at the sufficiency of the evidence will be considered waived by the defendant when he fails to make a valid motion to acquit under Crim. R. 29.