DECISION AND JUDGMENT ENTRY
This is an appeal from the Scioto County Court of Common Pleas, in which a jury found Defendant-Appellant Robert W. Williams guilty of robbery, a second-degree felony, in violation of R.C. 2911.02(A)(2); and, possession of drugs (cocaine), a fifth-degree felony, in violation of R.C. 2925.11(A) and R.C. 2925.11(C)(4)(a). Appellant was sentenced to a six-year term of imprisonment for robbery, and a concurrent ten-month term of imprisonment for possession of drugs.
Appellant argues that the record contains insufficient evidence to support a conviction of robbery. Further, appellant argues that the verdict on this charge was against the manifest weight of the evidence.
We find appellant's arguments to be without merit and affirm the judgment of the trial court.
 STATEMENT OF THE CASE AND FACTS
The events pertinent to this appeal transpired in the late-night hours of April 1, 2000, and the early-morning hours of April 2, 2000, at the Ett-Mar Motel (the motel), in Portsmouth, Ohio.
That night, Defendant-Appellant Robert W. Williams had procured a room at the motel. He was in this room drinking beer and doing drugs with Camilla Charles, his supposed girlfriend, and Lee Ann Fisher, an alleged friend.
During the course of the evening, Fisher introduced herself to Robert Dudley who was also staying at the motel while the two were at the motel's ice machine. Fisher invited Dudley to return to appellant's motel room and Dudley accepted her invitation.
Upon arriving at appellant's motel room, a verbal confrontation ensued between appellant and Dudley. Upset, Dudley left to return to his motel room. Charles and Fisher agreed to accompany Dudley because they had supposedly agreed to engage in sexual activity with him in exchange for money.
Upon arriving at Dudley's motel room, Charles and Dudley went into the bathroom, where they were to engage in sexual activity. Meanwhile, Fisher let appellant into Dudley's motel room. Appellant proceeded to attack Dudley with a chair, demanding that Dudley give him money.
Shortly thereafter, appellant, Fisher, and Charles left Dudley's room with approximately $500 of his money, a portable radio with headphones, and other personal effects belonging to Dudley.
After briefly returning to appellant's motel room, appellant, Charles, and Fisher left the motel to spend their newly gained wealth. Appellant and Fisher went to a store while Charles purchased a quantity of crack cocaine. Thereafter, the threesome reconvened in appellant's motel room.
Meanwhile, Dudley had called the police. After the police arrived, Dudley led them to appellant's motel room. There, the police confronted the trio and recovered Dudley's radio and $267 of his money. Additionally, the police found crack cocaine under the mattress of appellant's motel-room bed, which they also confiscated.
On April 28, 2000, the Scioto County Grand Jury returned a two-count indictment against appellant, charging him with two felonies: Count One, robbery, a second-degree felony, in violation of R.C. 2911.02(A)(2); and, Count Two, possession of drugs (cocaine), a fifth-degree felony, in violation of R.C. 2925.11(A) and R.C. 2925.11(C)(4)(a).
Fisher and Charles were indicted on similar counts. However, prior to the trial, they both pled guilty to lesser-related felonies.
On July 25, 2000, a jury trial commenced on the charges set out in appellant's indictment. At trial, the state offered the testimony of nine witnesses; relevant to this appeal is the testimony of Dudley, Fisher, Charles, and John Kozzee. Kozzee, who was also staying at the motel that evening, with his wife and child, had observed some of these events. The substance of the witnesses' testimony will be presented infra, in light of appellant's assignments of error.
Appellant offered the testimony of a single witness in his case-in-chief. This witness testified only that he had loaned appellant money in the past. Thus, appellant suggested in his closing argument, the money found on appellant could have been from this witness instead of Dudley.
On July 26, 2000, the jury returned a verdict finding appellant guilty on both counts. The trial court sentenced appellant to a six-year term of imprisonment on Count One, and a concurrent ten-month term of imprisonment on Count Two.
Appellant filed a timely appeal assigning the following errors for our review.
FIRST ASSIGNMENT OF ERROR:
 THE TRIAL COURT RECORD CONTAINS INSUFFICIENT EVIDENCE TO SUPPORT A CONVICTION OF ROBBERY.
 SECOND ASSIGNMENT OF ERROR:
 THE VERDICT OF THE JURY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 ANALYSIS
At the outset, we find it worthwhile to briefly examine the relationship between the two standards of review here at issue.
The Supreme Court of Ohio in State v. Thompkins (1997),78 Ohio St.3d 380, 678 N.E.2d 541, explained that the legal concepts of sufficiency of the evidence and manifest weight of the evidence "are both quantitatively and qualitatively different." State v. Ricker (Sept. 30, 1997), Franklin App. No. 97APC01-96, unreported, 1997 Ohio App. LEXIS 4453 (discussing Thompkins). The Thompkins Court defined sufficiency of the evidence as the "legal standard applied to determine whether the case may go to the jury or whether the evidence is legally sufficient as a matter of law to support the jury verdict." State v. Tompkins,78 Ohio St.3d at 387, 678 N.E.2d at 546, quoting Black's Law Dictionary (6 Ed. 1990) 1433. "In essence," the Supreme Court of Ohio explained, "sufficiency is a test of adequacy." Id.
Even if an appellate court determines that a judgment is legally sufficient, the judgment may still be reversed on the basis that it is against the manifest weight of the evidence: "[a] verdict can be against the manifest weight of the evidence even though legally sufficient evidence supports it." State v. Robinson (1955), 162 Ohio St. 486,124 N.E.2d 148. The manifest-weight-of-the-evidence standard concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other." State v.Thompkins, 78 Ohio St.3d at 387, 678 N.E.2d at 546.
We will further explore these standards in light of appellant's specific assignments of error.
 I.
In appellant's First Assignment of Error, he argues that the record contains insufficient evidence to support a robbery conviction. We disagree.
 A.
"In order to preserve the right to appeal the sufficiency of evidence upon which a conviction is based, a defendant must timely file a Crim.R. 29 motion for acquittal with the trial court." State v. Perry (Aug. 29, 1997), Trumbull App. No. 94-T-5165, unreported; see State v. Roe (1989),41 Ohio St.3d 18, 535 N.E.2d 1351. Accordingly, "if a Crim.R. 29 motion is not made by a defendant, he or she waives any sufficiency of evidence argument on appeal." Perry, supra; see, generally, State v. Swanner (May 18, 2001), Scioto App. No. 00CA2732, unreported.
In the case at bar, the record reveals that appellant did not file a Crim.R. 29 motion for acquittal with the trial court. Accordingly, appellant has waived any sufficiency-of-evidence argument on appeal. SeePerry and Roe, supra.
Nevertheless, in the interest of justice, we will consider appellant's First Assignment of Error. See, e.g., State v. Barksdale (June 22, 2001), Lake App. No. 2000-L-088, unreported (holding that "despite this determination, [that appellant waived his right to appeal by failing to renew his Crim.R. 29 motion,] in the interest of justice, we will consider appellant's assignment of error").
 B.
When an appellant challenges the sufficiency of evidence, the relevant inquiry is "whether, `after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" (Emphasis sic.) State v. Johnson (2000), 88 Ohio St.3d 95, 112,723 N.E.2d 1054, 1080, quoting Jackson v. Virginia (1979), 443 U.S. 307,319, 99 S.Ct. 2781, 2789; see State v. Green (1996), 117 Ohio App.3d 644,691 N.E.2d 316; Whiteside, Ohio Appellate Practice (2001 Ed.) 287-291, Standards of Review.
To determine the precise elements of robbery, it is necessary to work through a number of Ohio Revised Code provisions.
We begin with the statute under which appellant was convicted, R.C.2911.02(A)(2). This provision provides, in relevant part, that "[n]o person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall * * * [i]nflict, attempt to inflict, or threaten to inflict physical harm on another * * *." (Emphasis added.) R.C. 2911.02(A)(2).
Appellant argues that the state failed to provide evidence to support a "theft offense."
R.C. 2911.02(A)(2) goes on to provide that "`Theft offense' has the same meaning as in section 2913.01 of the Revised Code." R.C.2911.02(A)(2). Thus, we must look to R.C. 2913.01.
R.C. 2913.01 provides, in relevant part, that "`Theft offense' means * * * a violation of section * * * 2913.02." R.C. 2913.01(K)(1). Accordingly, we finally turn to R.C. 2913.02 to find the elements of the crime here at issue.
R.C. 2913.02 provides that "no person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways: (1) Without the consent of the owner or person authorized to give consent; * * * [or] (4) By threat." R.C. 2913.02(A).
The state presented the following testimony in its case-in-chief.
Dudley testified that appellant came into his motel room without his permission and hit him with a chair, knocking him to the floor. Dudley further testified that appellant, Fisher, and Charles stole his money and personal property.
Fisher testified that appellant came into Dudley's room without permission, threw a chair at Dudley, which knocked Dudley to the floor, and then started beating Dudley, demanding that he give appellant money.
Charles testified that Fisher had spoken with appellant about robbing Dudley before she left appellant's motel room to accompany Dudley to his motel room. Further, Charles testified that appellant came into Dudley's room without permission, attacked him, and demanded money from him.
Kozzee testified that he saw appellant, Fisher, and Charles leave Dudley's room with property, and that appellant gave him $20, telling him to "Get your kid a pizza. You didn't see me."
All of this testimony is corroborated by the fact that the police officers recovered Dudley's radio and cash from appellant when they arrested him.
The foregoing establishes that the state indeed presented evidence on each element of the offense in order to bring this matter to the jury. See State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492. Thus, it cannot be said that, after viewing the evidence in the light most favorable to the state, a rational trier-of-fact could not have found the essential elements of the crime beyond a reasonable doubt. See State v.Johnson, 88 Ohio St.3d at 112, 723 N.E.2d at 1054.
Appellant's First Assignment of Error is OVERRULED.
 II.
In appellant's Second Assignment of Error, he argues that the verdict of the jury, pertaining to robbery, is against the manifest weight of the evidence.
Although we find the robbery conviction to be supported by sufficient evidence, we must still address the question of whether the verdict is against the manifest weight of the evidence. See State v. Robinson,162 Ohio St. at 486, 124 N.E.2d at 148.
When an appellant challenges a conviction as being against the manifest weight of the evidence, the reviewing court "weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Martin (1983), 20 Ohio App.3d 172, 485 N.E.2d 717; see State v. Lindsey
(2000), 87 Ohio St.3d 479, 721 N.E.2d 995; State v. Otten (1986),33 Ohio App.3d 339, 515 N.E.2d 1009. This review is to be "tempered by the principle that questions of weight and credibility are primarily for the trier of fact." State v. Banks (1992), 78 Ohio App.3d 206, 214,604 N.E.2d 219, 225; see, generally, Whiteside, Ohio Appellate Practice (2001 Ed.) 287-291, Standards of Review (explaining that deference regarding credibility should be given to the jury because "the finder of fact has had an opportunity to observe the demeanor of the witnesses, a factor not normally preserved in the record of appeal.").
In sum, "the power to reverse a judgment as against the manifest weight must be exercised with caution and only in the rare case where the evidence weighs heavily against conviction." State v. Banks,78 Ohio App.3d at 214, 604 N.E.2d at 225; State v. Martin, 20 Ohio App.3d at 175,485 N.E.2d at 720; State v. Abi-Sarkis (1988), 41 Ohio App.3d 333,535 N.E.2d 745.
As discussed earlier, the state offered the testimony of multiple witnesses in support of its contention that appellant robbed Dudley. Moreover, appellant offered scant evidence to support his contention that he did not rob appellant.
Appellant argues that the testimony of the witnesses is to be disbelieved because, "[d]ue to the drugs, alcohol, and motivation for lying, the testimony of any of these people is highly suspect at best." First, we note that there is no evidence in the record that Kozzee had ingested any drugs or alcohol. Second, we are guided by the overarching principle that, whether the case is "civil or criminal, the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212, paragraph one of the syllabus.
Appellant has simply failed to meet his burden of establishing that the jury "lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Martin, 20 Ohio App.3d at 172, 485 N.E.2d at 717.
Appellant's Second Assignment of Error is OVERRULED.
 CONCLUSION
We find that the record contains sufficient evidence to support a robbery conviction. Likewise, we find that the jury verdict, pertaining to the robbery conviction, is not against the manifest weight of the evidence.
Appellant's assignments of error are OVERRULED, and we AFFIRM the decision of the Scioto County Court of Common Pleas.
I respectfully concur in the result (affirming the judgment of the trial court) but not in the majority opinion regarding both assignments of error. I would not address the merits of Williams' sufficiency of evidence argument in the first assignment of error because he waived it. However, if in the interest of justice I did address his argument, then I would apply the plain error doctrine.
When a party fails to raise an objection to the proceedings at trial, he waives all but plain error. Crim.R. 52(B). The Supreme Court of Ohio has cautioned that "notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a miscarriage of justice." State v. Long(1978),53 Ohio St.2d 91, paragraph three of the syllabus.
Here, I would find that the trial court did not commit any error let alone plain error. Consequently, I would find that appellant did not suffer a miscarriage of justice.
Thus, I concur in judgment only.
It is ordered that the JUDGMENT BE AFFIRMED and that appellee recover of appellant costs herein taxed.
This Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the SCIOTO County Court of Common Pleas to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEENPREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, IT IS TEMPORARILYCONTINUED FOR A PERIOD NOT TO EXCEED SIXTY DAYS UPON THE BAIL PREVIOUSLYPOSTED. The purpose of the continued stay is to allow appellant to file with the Supreme Court of Ohio an application for stay during the pendency of proceedings in that court.
If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty-day period, or the failure of appellant to file a notice of appeal with the Supreme Court of Ohio within the forty-five-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of the sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J.: Concurs in Judgment Only.
Kline, J.: Concurs in Judgment Only with Concurring Opinion.
 ________________________ David T. Evans, Judge