DECISION AND JUDGMENT ENTRY
Danny N. Beard, Jr. appeals his adjudication as a delinquent child by the Ross County Court of Common Pleas, Juvenile Division. He asserts that the trial court's finding that he committed an act that if committed by an adult would constitute Aggravated Arson, a violation of R.C. 2909.02, is against the manifest weight of the evidence. Because, after a thorough review of the record, we find that the trier of fact did not clearly lose its way in resolving conflicts in the evidence and create such a manifest miscarriage of justice that the conviction must be reversed and a new trial granted, we disagree. Accordingly, we affirm the decision of the trial court.
 I.
On November 13, 2001, a fire erupted at Trippie's Coin Operated Laundry ("The Laundry") in Ross County. Wesley Triplett owned The Laundry and lived in one of the two apartments above The Laundry, which occupied only the first floor in the building.
After an investigation, a Chillicothe Police Officer filed a complaint alleging that Beard was a delinquent child because he "by means of fire or explosion: cause[d] physical harm to an occupied structure * * *, in violation of [R.C.] 2909.02 * * *."
At the hearing, Triplett testified that he is able to monitor The Laundry from his apartment via a security system that records activities in The Laundry and instantly displays the recording on a monitor in his apartment. On November 13, 2001, he was laying on his bed when he noticed smoke in his bedroom. He checked the security monitor and saw that smoke was filling The Laundry below. He went downstairs to investigate and found the trashcan on fire. He could not see into the trashcan, because it was on fire. After putting out the fire with at least two buckets of water, he called the police.
The State showed the security videotape of the incident to Triplett and asked him to describe what happened on the tape. According to Triplett, the security videotape showed the trashcan on fire and a hooded individual taking newspaper and sticking it into the wall, which set the wall on fire. The tape then showed a second individual, later identified as Beard, during the incident. Triplett testified that he gave the security videotape to Chillicothe Police Officer Eric McKee.
Officer McKee described the damage to The Laundry and testified that he identified Beard from the security videotape. He interviewed the other individual involved in the fire, Anthony Thomas, who admitted that he started the fire.
Captain David Russell of the Chillicothe Fire Department testified that he investigated the fire at The Laundry. After reconstructing and evaluating the scene, he noticed an odor of gasoline on the counter across from the trashcan where the fire occurred. He collected several samples to test for accelerant, but had not received the test results by the time of the trial. He testified that the fire would not have consumed a bottle of water, while the fire would have consumed a bottle of accelerant thrown onto it. He believed that "there wasn't a bottle of water." Captain Russell explained that an accelerant, such as gasoline, would have caused the fire to increase in intensity. He testified that the security videotape shows an "enhanced fire."
Beard testified that after Anthony Thomas set the fire, he picked up a bottle of water from the counter and threw it onto the fire in an attempt to put it out. He admitted, however, that he did not make any further attempts to put out the fire or notify anyone about the fire.
The Magistrate found that the allegations against Beard were proven beyond a reasonable doubt. The trial court adjudicated Beard a delinquent child and committed Beard to the Department of Youth Services for a minimum period of one year.
Beard appeals and asserts in his assignment of error that "[his] conviction [i]s against the manifest weight of the evidence."
 II.
In his only assignment of error, Beard argues that the trial court's finding that he committed aggravated arson is against the manifest weight of the evidence because he testified that he poured water on the fire started by Thomas and that the state did not introduce contrary evidence.
The test for determining whether a conviction is against the manifestweight standard is much broader than that for examining the sufficiency of the evidence. State v. Banks (1992), 78 Ohio App.3d 206, 214; Statev. Martin (1983), 20 Ohio App.3d 172, 175. In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial granted.State v. Garrow (1995), 103 Ohio App.3d 368, 370-71; Martin,20 Ohio App.3d at 175. "A reviewing court will not reverse a conviction where there is substantial evidence upon which the court could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt." State v. Eskridge (1988), 38 Ohio St.3d 56, paragraph two of the syllabus. We also apply this standard to juvenile delinquency adjudications. See, e.g., In re Tripp (Oct. 1, 2001), Hocking App. No. 01CA8.
R.C. 2909.02(A)(2) prohibits aggravated arson. It states: "No person, by means of fire or explosion, shall knowingly do any of the following: * * * [c]ause physical harm to any occupied structure; * * *." An "occupied structure" includes a building that "is maintained as a permanent or temporary dwelling * * *." R.C. 2909.01(C)(1).
After a thorough review of the record, we cannot find that, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the delinquency adjudication must be reversed and a new trial granted. Although Beard testified that he threw a bottle of water onto the fire to put it out, Captain Russell testified that the spot from which Beard picked up the bottle smelled like gasoline. He further testified that the videotape was consistent with an enhanced fire. Captain Russell's testimony is substantial evidence that Beard threw an accelerant on the fire started by Thomas. Beard does not dispute that the Laundry was part of an occupied structure. Thus, substantial evidence exists upon which the trial court could reasonably conclude that all the elements of the offense have been proven beyond a reasonable doubt. Therefore, we find that Beard's delinquency adjudication is not against the manifest weight of the evidence and overrule Beard's only assignment of error. Accordingly, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas, Juvenile Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Abele, P.J. Evans, J.: Concur in Judgment and Opinion.