DECISION AND JUDGMENT ENTRY
{¶ 1} Juvenile C. J. appeals the judgments of the Fayette and Highland County Courts of Common Pleas, Juvenile Divisions, which adjudicated him delinquent in Fayette County and sentenced him in Highland County. The State produced evidence showing C.J. gave a pill to a Miami Trace High School male student and told him the pill was "like Vicodin." Vicodin is a controlled, prescription drug typically used for pain. C.J. first contends the trial court erred in finding him delinquent because insufficient evidence supports the trial court's finding that he committed a crime if committed by an adult, i.e. the offense of trafficking in drugs, in violation of R.C. 2925.03, which provides that no person *Page 2 
shall knowingly sell or offer to sell a controlled substance. Because, in viewing the evidence in favor of the State, a rational trier of fact could reasonably infer from the "like Vicodin" evidence that the pill was a controlled substance a person could use for pain, we disagree. C.J. next contends that the finding of delinquency is against the manifest weight of the evidence. Because C.J. can not demonstrate that the State's evidence is so insubstantial that the trial court clearly lost it's way and created a manifest miscarriage of justice, we disagree. Finally, C.J. contends that the trial court erred when it found that his alleged violation of R.C. 2925.03(A)(1) was a felony of the third degree. He maintains that it is a felony of the fourth degree. Because the State concedes C.J. is correct, we agree. Thus, we overrule C.J's first and second assignments of error and sustain his third assignment of error. Accordingly, we affirm the judgment of conviction and vacate the judgment of sentence of the trial court and remand this cause for further proceedings consistent with this opinion.
 I. {¶ 2} The State charged C.J. with one count of delinquency involving the alleged offense of trafficking in drugs, a violation of R.C.2925.03, by offering to sell hydrocodone, a Schedule III controlled substance, in the vicinity of a school. *Page 3 
A common brand name for hydrocodone is Vicodin. C. J. denied the charge and the case proceeded to an adjudicatory hearing.
 {¶ 3} The facts at the adjudicatory hearing indicated the alleged incident took place at Miami Trace High School in Fayette County in 2005. Four witnesses testified: two students, the assistant high school principal and a deputy sheriff. However, the court recorder only recorded the students, not the other two witnesses. Therefore, the parties provided this court an "AGREED STATEMENT OF PROCEEDINGS" setting forth the testimony of the assistant high school principal and the deputy sheriff. See App.R. 9.
 {¶ 4} One of the student witnesses, N.R., testified that he saw C.J. just before school started. According to N.R., C.J. said, "Let's take a walk." After walking some distance from where they originally met, C.J. said, "Here's a pill." C.J. indicated to N.R. that the pill was something "like Vicodin." C.J. did not ask for payment and N.R. gave him no money for the pill. N.R. later gave one-half of the pill to another student.
 {¶ 5} At least one person saw the exchange between C.J. and N.R. and reported it. The assistant high school principal testified that C.J. did not have any pills on his person when he came to his office at approximately 9:30 a.m. that morning. N.R. had one-half of a pill. *Page 4 
 {¶ 6} Deputy Jim Sears of the Fayette County Sheriffs Office came to the school to investigate. The assistant principal gave him the remaining half of the pill seized from N.R. Deputy Sears then spoke to N.R. who stated the pill was like Vicodin. He next spoke to C.J. who admitted bringing a pill to school, but C.J. claimed it was an ibuprofen for nerves and pain. C.J. claimed to have taken the ibuprofen before speaking with the assistant principal. C.J. denied giving a pill, of any kind, to N.R. or anyone else.
 {¶ 7} Deputy Sears did not take the pill seized from N.R. to BCI I. Instead, he took it to a local pharmacist who told him it was a prescription pill for a urinary tract infection and did not contain narcotics.
 {¶ 8} The trial court found C.J. guilty as charged and transferred the case for final disposition to C.J.'s home county. Thereafter, the Highland County trial court sentenced C.J. accordingly.
 {¶ 9} C.J. appeals his conviction and sentence and assigns the following three assignments of error:
 {¶ 10} I. "THE COURT ERRED TO THE PREJUDICE OF APPELLANT/DEFENDANT BY FINDING THAT HE KNOWINGLY OFFERED WHAT `PURPORTS TO BE A CONTROLLED SUBSTANCE', WHICH FINDING WAS AGAINST THE SUFFICIENCY OF THE EVIDENCE."
 {¶ 11} II. "THE COURT ERRED TO THE PREJUDICE OF APPELLANT/DEFENDANT BY FINDING THAT HE KNOWINGLY *Page 5 
OFFERED WHAT `PURPORTS TO BE A CONTROLLED SUBSTANCE', WHICH FINDING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 12} III. "THE COURT ERRED AS A MATTER OF LAW WHEN IT FOUND DEFENDANT GUILTY OF A FELONY OF THE THIRD DEGREE."
 II. {¶ 13} In his first assignment of error, C.J. argues the trial court's judgment is not supported by sufficient evidence because the State failed to establish the "knowingly" and "controlled substance" elements of the alleged offense of trafficking in drugs. Specifically, C.J. contends the State did not provide any evidence "indicating the purpose of the pill changing hands" or of a "discussion as to what effect, if any, the pill might have." He maintains that the evidence did not show he "had any knowledge or gave any indication that the pill being offered contained any controlled substance." C.J. concedes the statutory definition of the words "sell or offer to sell" includes a gift or other transaction that does not involve money changing hands.
 {¶ 14} A trial court may adjudicate a juvenile as a delinquent child when the evidence demonstrates, beyond a reasonable doubt, the child committed an act that would constitute a crime if committed by an adult. R.C. 2151.35(A); Juv.R. 29(E). Thus, when reviewing claims involving the sufficiency of the evidence and the *Page 6 
manifest weight of the evidence within the juvenile context, we apply the same standards of review applicable to criminal convictions. In reWatson (1989), 47 Ohio St.3d 86, 91, 548 N.E.2d 210.
 {¶ 15} When reviewing a conviction to determine if it is supported by sufficient evidence, the appellate court's function "is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus,. See, also,Jackson v. Virginia (1979), 443 U.S. 307, 319, 99 S.Ct. 2898.
 {¶ 16} This test raises a question of law and does not allow the appellate court to weigh the evidence. State v. Martin (1983),20 Ohio App.3d 172, 175, 485 N.E.2d 717. Rather, this test "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson, 443 U.S. at 319. Accordingly, the weight given to the evidence and the credibility of witnesses are issues primarily for the trier of fact. State v.Thomas (1982), 70 Ohio St.2d 79, 79- *Page 7 
80, 434 N.E.2d 1356; State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212, paragraph one of the syllabus. Whether the evidence supporting a juvenile's delinquency adjudication is direct or circumstantial does not bear on our determination. "Circumstantial evidence and direct evidence inherently possess the same probative value and therefore should be subjected to the same standard of proof."Jenks, 61 Ohio St.3d 259, at paragraph one of the syllabus.
 {¶ 17} R.C. 2925.03(A)(1) defines trafficking in drugs, i.e. "No person shall knowingly * * * [s]ell or offer to sell a controlled substance[.]"
 {¶ 18} According to R.C. 2901.22(B), "[a] person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." When the issue in dispute is a juvenile's purpose or intent, it is necessary to rely upon circumstantial evidence because intent cannot be proved by a third person's direct testimony, but must be gathered from the surrounding facts and circumstances.State v. Lott (1990), 51 Ohio St.3d 160, 168, 555 N.E.2d 293.
 {¶ 19} "`Controlled substance' means a drug, compound, mixture, preparation, or substance included in schedule I, II, III, IV, or V." R.C. § 3719.01(C). *Page 8 
 {¶ 20} Vicodin is a prescription drug, and it is a Schedule III controlled substance. See, e.g., Disciplinary Counsel v. Ault,110 Ohio St.3d 207, 2006-Ohio-4247, 852 N.E.2d 727, at ¶ 5; Disciplinary Counselv. May, 106 Ohio St.3d 385, 2005-Ohio-5320, 835 N.E.2d 372, at ¶ 3. Hydrocodone is a Schedule III narcotic, and a common brand name for hydrocodone is Vicodin. See, e.g., State v. Mucci, 150 Ohio App.3d 493,2002-Ohio-6896, 782 N.E.2d 133, at ¶ 2, fn. 1.
 {¶ 21} "[A] person can be convicted for offering to sell a controlled substance in violation of R.C. 2925.03(A)(1) without actually transferring a controlled substance to the buyer." State v.Chandler, 109 Ohio St.3d 223, 2006-Ohio-2285, 846 N.E.2d 1234, at ¶ 9, citing State v. Patterson (1982), 69 Ohio St.2d 445, 432 N.E.2d 802, syllabus. "Therefore, there is no doubt that [a defendant's] convictions can stand despite the fact that the substance offered as [a controlled substance] was actually [a non-controlled substance]." Chandler
at ¶ 9.
 {¶ 22} "`Knowingly' is an adverb which modifies the verb `offer.' R.C.2901.22(B) defines `knowingly'; and, * * * `offer' is a common word which does not require statutory definition. It is clear on the face of the statute that a culpable mental state must exist with respect to the act of offering. See R.C. 2901.22(B). One's understanding of the nature of the substance does not necessarily determine whether he or she knowingly offered to sell a controlled substance. We will not *Page 9 
read the additional element of knowledge of the nature of the substance into R.C. 2925.03(A)(1), (5) or (7)." Patterson, 69 Ohio St.2d at 447.
 {¶ 23} "Triers of fact should consider the totality of circumstances and decide whether, in a particular scenario, there is sufficient evidence to prove beyond a reasonable doubt that the accused has knowingly offered to sell a controlled substance. For example, the dialogue and course of conduct of the accused, as well as the nature of the goods transferred, may be relevant to this determination. Individually, no aspect of any of these examples is the ultimate fact. Collectively, they may or may not prove that the accused knowingly offered to sell a controlled substance." Id.
 {¶ 24} Here, the State presented evidence that C.J. offered N.R., a student at his high school, a pill that he asserted was like Vicodin. N.R. testified that, before school started, C.J. approached him and said, "Let's take a walk." They walked through a hall and up some steps before C.J. told him, "Here is a pill." C.J. told N.R. that the pill "was something like a Vicodin." N.R. kept the pill C.J. gave him. N.R. stated that no money exchanged hands. After viewing this evidence in a light most favorable to the State, the trier of fact could reasonable conclude from C.J. dialogue and conduct that C.J. knowingly offered the pill to N.R. Likewise, the trier of fact could reasonably conclude, since Vicodin is a controlled substance, a *Page 10 
pill like Vicodin is also a controlled substance. Consequently, after viewing this evidence in a light most favorable to the State, we find a rational trier of fact could have determined the "knowingly" and "controlled substance" elements of the alleged offense were proven beyond a reasonable doubt.
 {¶ 25} C.J. contends the trial court, as the trier of fact, could also infer from the "like Vicodin" evidence that the pill was a pain killer because physicians commonly prescribe it for pain. He maintains a rational trier of fact could have inferred that the pill was ibuprofen or aspirin or any other over-the-counter drug for pain. The State counter-argues that the trial court could not rationally infer that the pill was an over-the-counter pain pill because the evidence showed that the pill was 1800 milligrams. The State claims that 300-500 milligrams would be a typical size for an over-the-counter pain pill. We do not find C.J. argument persuasive, because based on our standard of review for sufficiency of the evidence, we must view the evidence in a light most favorable to the State.
 {¶ 26} Accordingly, we overrule C.J. first assignment of error.
 III. {¶ 27} In his second assignment of error, C.J. makes the same arguments that he made in his first assignment of error, except he argues that the trial court's *Page 11 
finding of delinquency is against the manifest weight of the evidence. We disagree.
 {¶ 28} The test under the manifest weight standard is much broader than that for sufficiency of the evidence. State v. Banks (1992),78 Ohio App.3d 206, 214, 604 N.E.2d 219; Martin, 20 Ohio App.3d at 175. However, "[t]his review is tempered by the principle that questions of weight and credibility are primarily for the trier of fact. * * * Thus, the power to reverse a judgment as against the manifest weight must be exercised with caution and only in the rare case where the evidence weighs heavily against conviction." Banks, 78 Ohio App.3d at 214.
 {¶ 29} In determining whether a delinquency adjudication is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trial court clearly lost its way and created such a manifest miscarriage of justice that the adjudication must be reversed. Elyria v. Tress (1991), 73 Ohio App.3d 5,7, 595 N.E.2d 1031, citing Martin, 20 Ohio App.3d at 175; see, also,In re Wolfe (June 11, 1992), Pickaway App. No. 91CA21. An appellate court will not reverse a delinquency adjudication when there is substantial evidence upon which the trial court could reasonably conclude that the State proved all the elements of the *Page 12 
alleged offense beyond a reasonable doubt. State v. Eskridge (1988),38 Ohio St.3d 56, 526 N.E.2d 304, paragraph two of the syllabus.
 {¶ 30} In the case at hand, there is substantial evidence to support the trial court's finding that the State proved the elements of the alleged offense beyond a reasonable doubt. Appellant C.J. argues there is no evidence that he had any knowledge or gave any indication the pill given to N.R. was a controlled substance. However, the record shows N.R. testified C.J. told him the pill he gave him was "like a Vicodin. " Though the pill was not a narcotic and was for a urinary tract infection, there is no doubt N.R. was convinced by C.J.'s words and conduct that it was, in fact, a controlled substance. C.J. convinced N.R. to the extent that N.R. plead guilty to possession and trafficking of Hydrocodone. In light of this, a reasonable trier of fact could certainly conclude there was substantial evidence that C.J. knowingly represented to N.R. that the pill was a controlled substance.
 {¶ 31} C.J. argues that by stating the pill was like Vicodin, instead of stating it was Vicodin, one could infer that it was not a controlled substance as easily as one could infer that it was. Considering the totality of the circumstances, his argument is not persuasive. The Ohio Supreme Court noted that weight of the evidence is determined by "the inclination of the greater amount of credible *Page 13 
evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them." State v. Thompkins (1997), 78 Ohio St.3d 380, 387,678 N.E.2d 541, quoting Black's Law Dictionary (6th Ed. 1990) 1594. Here, C.J. claims to have given no indication to N.R. that the pill was a controlled substance. In fact, he claims he did not give any pill to N.R. However, a review of the record, including witness testimony and C.J. own words and conduct, does not show a greater amount of credible evidence to this effect.
 {¶ 32} After reviewing the entire record, we are unable to say that the evidence presented by the State is so insubstantial that the trial court clearly lost it's way and created a manifest miscarriage of justice warranting a new trial. Furthermore, we find there is substantial evidence upon which the trier of fact could reasonably conclude the State had established, beyond a reasonable doubt, the essential elements in its case. We are unable to reverse the judgment as being against the manifest weight of the evidence simply because this case is not one of those exceptional cases in which the evidence weighs heavily against conviction. *Page 14 
Therefore, we find the decision of the trial court is supported by the manifest weight of the evidence.
 {¶ 33} Accordingly, we overrule C.J.'s second assignment of error.
 IV. {¶ 34} In his third assignment of error, C.J. contends that the trial court erred when it found that his alleged violation of R.C.2925.03(A)(1) was a felony of the third degree if committed by an adult. He maintains that it is a felony of the fourth degree. The State agrees with Jones. Therefore, we sustain C.J.'s third assignment of error.
 V. {¶ 35} In conclusion, we overrule C.J.'s first and second assignments of error and sustain his third assignment of error. We remand this matter to the Highland County Juvenile Court to vacate its sentence and for further proceedings consistent with this opinion.
JUDGMENT OF CONVICTION AFFIRMED. JUDGMENT OF DISPOSITION VACATED ANDREMANDED. *Page 15