DECISION AND JUDGMENT ENTRY
This appeal comes to us from a judgment issued by the Perrysburg Municipal Court in a traffic violation case. Because we conclude that the conviction was not against the manifest weight of the evidence, we affirm.
In December 2000, appellant, Crystal L. Cook, was cited for failure to stop within an assured clear distance in violation of R.C. 4511.21. At trial, the following evidence was presented. Appellant was traveling on an interstate highway in her motor vehicle behind a pick-up truck in the passing lane. The pavement was covered with slushy snow and ice patches. When the truck began to slow down, appellant pulled onto the left berm in order to avoid a collision with the truck. Appellant then collided with another car, a black BMW, which had been in front of the truck and had turned left across the left berm and into a median crossover area.
The trial court found that appellant violated R.C. 4511.21, assured clear distance ahead and R.C. 4511.81, failure to use a child restraint system in her motor vehicle. Appellant was fined $55 and costs as to the first violation and $40 as to the second.
Appellant now appeals that judgment, setting forth the following sole assignment of error:
 "THE TRIAL COURT ERRED IN FINDING THAT APPELLANT VIOLATED THE ASSURED CLEAR DISTANCE STATUTE."
Appellant is essentially arguing that the trial court's finding was against the manifest weight of the evidence. Under a manifest weight standard, an appellate court sits as a "thirteenth juror" and may disagree with the fact finder's resolution of the conflicting testimony.State v. Thompkins (1997), 78 Ohio St.3d 380, 387. The appellate court,
 "`reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'" Id., quoting State v. Martin (1983), 20 Ohio App.3d 172, 175.
R.C. 4511.21(A) provides that:
 "No person shall operate a motor vehicle * * * at a greater speed than will permit the person to bring it to a stop within the assured clear distance ahead."
R.C. 4511.21(A) may not apply if, without fault of the driver, an obstruction suddenly enters into the driver's path or legal line of travel and, in the exercise of ordinary care, the driver is unable to avoid colliding with the obstruction. Smiley v. Arrow Spring Bed Co. (1941), 138 Ohio St. 81.
In this case, evidence was presented that the black BMW which pulled into the median area caused the truck in front of appellant to slow down. Appellant then turned onto the left berm in order to avoid hitting the truck. Consequently, appellant hit the BMW because she failed to travel at a speed which would enable her to stop within an assured clear distance from the truck and remain in her lane of travel. Therefore, we cannot say that the trial court clearly lost its way in finding appellant guilty of violating the assured clear distance statute.
Accordingly, appellant's sole assignment of error is not well-taken.
The judgment of the Perrysburg Municipal Court is affirmed. Court costs of this appeal are assessed to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
James R. Sherck, J., Mark L. Pietrykowski, P.J., Judge, CONCUR.