OPINION
{¶ 1} Appellant Moresetta Smart appeals her conviction for criminal trespass from the Massillon Municipal Court. The following facts give rise to this appeal.
{¶ 2} At approximately 1:30 a.m., on August 9, 2000, Barry Gates, the manager of the Wal-Mart store located in the City of Massillon, observed appellant moving merchandise. Mr. Gates observed appellant stacking towels on a shelf where she had moved merchandise. Mr. Gates also observed that appellant had a large canvas bag that appeared to be full. Mr. Gates later learned that the bag was not tagged by store employees to indicate that it had been checked by the store greeter in accordance with store policy. Mr. Gates walked by appellant and she accused him of harassing her because of her race.
{¶ 3} Appellant continued to move merchandise as she hollered at Mr. Gates. Mr. Gates subsequently learned that the items contained in appellant's bag did not belong to Wal-Mart and he attempted to apologize to appellant. However, appellant continued to be loud, vulgar and abusive toward Mr. Gates.
{¶ 4} A short while later, there was a disturbance at the front of the store involving appellant and Wal-Mart personnel. Mr. Gates and the assistant manager were called to the front of the store. At that time, two Massillon Police Officers arrived on the scene in response to appellant's 911 telephone call. The officers spoke to appellant as well as the store personnel to determine what had occurred. One of the officers asked Mr. Gates what he wanted to do and Mr. Gates informed the officers that appellant could continue to shop if she calmed down, however, if she did not calm down he wanted her to leave the premises.
{¶ 5} The officers attempted to calm appellant. After several attempts to calm appellant, the officers informed appellant that the manager no longer wanted her in the store and she would have to leave. Appellant refused to leave and the officers arrested her for one count of criminal trespass and one count of disorderly conduct.
{¶ 6} Appellant entered pleas of not guilty to both charges and this matter proceeded to a jury trial on August 1, 2001. At the close of the city's case, the trial court granted appellant's motion for acquittal as it pertained to the charge of disorderly conduct. The trial continued as to the charge of criminal trespass and following deliberations, the jury found appellant guilty. On September 25, 2001, the trial court sentenced appellant to thirty days in jail, a $250 fine and court costs.
{¶ 7} Appellant filed a notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 8} "I. THE TRIAL COURT ERRED IN PROCEEDING WITH TRIAL AFTER ENTERING INTO THE JOURNAL A CRIMINAL RULE 29 JUDGMENT OF ACQUITTAL WITHOUT LIMITATIONS."
 {¶ 9} "II. THE EVIDENCE IS INSUFFICIENT TO SUSTAIN DEFENDANTS' (SIC) CONVICTION FOR TRESPASS."
 {¶ 10} "III. THE TRIAL COURT ERRED IN DENYING DEFENDANT'S CRIMINAL RULE 29 MOTION FOR ACQUITTAL ON THE CHARGE OF TRESPASS."
 {¶ 11} "IV. DEFENDANT'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 I
{¶ 12} In her first assignment of error, appellant contends the trial court erred when it proceeded with the trial on the charge of criminal trespass after entering a judgment of acquittal on the charge of disorderly conduct. We disagree.
{¶ 13} The record indicates appellant was charged under two separate case numbers. The charge of criminal trespass is contained in Case No. 00CRB 01961m. The charge of disorderly conduct is contained in Case No. 00CRB 01961n. Appellant maintains the judgment entry, dated August 2, 2001, granting her motion for acquittal does not specify any limitations and therefore, the entry applies to both charges.
{¶ 14} We have reviewed the record and conclude the trial court only intended to dismiss the charge of disorderly conduct as it only filed a judgment entry granting the motion for acquittal in Case No. 00CRB 01961n, the disorderly conduct case. Accordingly, the trial court did not err when it proceeded with the trial on the charge of criminal trespass.
{¶ 15} Appellant's first assignment of error is overruled.
 II
{¶ 16} Appellant maintains, in her second assignment of error, that the evidence was insufficient to sustain her conviction for criminal trespass. We disagree.
{¶ 17} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. Appellant contends her conviction for criminal trespass is not supported by the sufficiency of the evidence because she had a privilege to be on Wal-Mart property as a business invitee and she was not asked to leave the property by the owner, occupant or agent or servant of either. The ordinance under which appellant was charged, Massillon Codified Ordinance 541.05(A)(4) provides, in pertinent part:
 {¶ 18} "(a) No person, without privilege to do so, shall do any of the following:
* * *
 {¶ 19} "(4) Being on the land or premises of another, negligently fail or refuse to leave upon being notified to do so by the owner or occupant, or the agent or servant of either."
{¶ 20} The city agrees, in its brief, that appellant was a business invitee upon Wal-Mart's property and therefore, had the consent of Wal-Mart, its agents and employees to be on the premises. Appellant maintains the ordinance under which she was charged requires that the individual who instructs the alleged trespasser to leave must be the "owner or occupant, or the agent or servant of either" and in the case sub judice, the police officers did not meet this specific requirement and therefore, did not have the authority to request that she leave the premises.
{¶ 21} The record indicates that the store manager, Mr. Gates, told the officers that appellant could stay and continue to shop if she calmed down, however, if she did not, Mr. Gates gave the officers the authority to ask her to leave the store. Tr. Vol. 1 at 97. Thus, when the officers asked appellant to leave the store, they were doing so at the request of Mr. Gates. We further find the officers had a duty to preserve the peace and enforce all criminal laws. R.C. 737.11. Because appellant was acting belligerent with the officers, it was within their authority and statutory duty to request that she leave the premises.
{¶ 22} Accordingly, we conclude the evidence was sufficient to support appellant's conviction for criminal trespass.
{¶ 23} Appellant's second assignment of error is overruled.
 III
{¶ 24} Appellant contends, in her third assignment of error, the trial court erred when it denied her motion for acquittal on the charge of criminal trespass. We disagree.
{¶ 25} The relevant inquiry for reviewing the denial of a motion for acquittal is the same as the inquiry for determining whether the evidence is sufficient to sustain a conviction, that is, whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jenks at paragraph two of the syllabus.
{¶ 26} We previously determined in appellant's second assignment of error that her conviction for criminal trespass was supported by the sufficiency of the evidence.
{¶ 27} Appellant's third assignment of error is overruled.
 IV
{¶ 28} In her fourth assignment of error, appellant maintains her conviction for criminal trespass is against the manifest weight of the evidence. We disagree.
{¶ 29} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin
(1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins,78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. It is based upon this standard that we review appellant's fourth assignment of error.
{¶ 30} In this assignment of error, appellant again raises the argument that the prosecution did not prove, beyond a reasonable doubt, that appellant had been instructed to leave the premises by a Wal-Mart official and that she refused to do so. We addressed this argument in appellant's second assignment of error and concluded the officers had the authority and duty to request appellant to leave the store. Thus, appellant's conviction for criminal trespass was not against the manifest weight of the evidence.
{¶ 31} Appellant's fourth assignment of error is overruled.
{¶ 32} For the foregoing reasons, the judgment of the Massillon Municipal Court, Stark County, Ohio, is hereby affirmed.
By: WISE, J. FARMER, P.J., and EDWARDS, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Massillon Municipal Court, Stark County, Ohio, is affirmed.
Costs assessed to appellant.