OPINION
{¶ 1} Defendant-appellant Yolanda Blake appeals from her conviction on two counts of Assault. Blake contends that her conviction is not supported by sufficient evidence and that it is against the manifest weight of the evidence.
 {¶ 2} We conclude that the State presented evidence sufficient to sustain the conviction, and that the conviction is not against the weight of the evidence. Accordingly, the judgment of the trial court is affirmed. *Page 2 
 I {¶ 3} Blake was charged in the Dayton Municipal Court on two counts of Assault. At her bench trial, the following testimony was adduced.
 {¶ 4} Ralonda Holt testified that she was working at the check-in/reception window of Dayton Primed Urgent Care when Blake came to the facility. When Blake approached the reception window, Holt informed her that she had missed an appointment that had been set for a little more than two hours earlier that day. Holt testified that she informed Blake that she could wait in the lobby and that Holt could attempt to fit her into the schedule. Blake walked away from the window, but immediately returned to the window and asked Holt to repeat what she had said. Holt then repeated her request for Blake to have a seat in the lobby, and Blake again walked away. As Holt looked back down at her desk, Blake reached through the reception desk window and proceeded to "nick" Holt in the face with her fist. Holt testified that she managed to avoid a full punch to the nose by moving back from the window. Holt then turned away and called her supervisor, at which time Blake attempted to punch her again. According to Holt, a male patient in the lobby attempted to intervene, and Blake started fighting with that patient. Holt also observed Blake begin to fight with a female named Monique Jones. Thereafter, Blake was removed from the premises by one of the doctors.
 {¶ 5} Monique Jones also testified at the trial. According to Jones, she was standing in line at the reception desk directly behind Blake when she observed Blake *Page 3 
reach out and hit Holt in the face. Jones testified that Blake then attempted to punch Holt a second time. Thereafter, a man attempted to intervene, and at some point, Blake hit Jones in the shoulder with a closed fist.
 {¶ 6} Finally, Blake testified at trial. Blake testified that she and Holt had "an exchange of words." Blake admitted that she "raised [her] hand through the window towards Miss Holt," but that she did not make a fist. Blake testified that she "wanted to slap [Holt] in the mouth because of her attitude," but that she did not. According to Blake, a man then grabbed her shoulder, and Blake hit him in self-defense. Blake denied hitting Jones.
 {¶ 7} Following the trial, the judge found Blake guilty as charged. Blake was sentenced to probation. From her conviction and sentence, Blake appeals.
 II {¶ 8} Blake asserts the following as her sole assignment of error:
 {¶ 9} "THE TRIAL COURT ERRED WHEN IT FOUND DEFENDANT GUILTY AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND WITH INSUFFICIENT EVIDENCE."
 {¶ 10} Blake contends that the State failed to present evidence sufficient to sustain the conviction and that the conviction is not supported by the weight of the evidence. Her argument is based upon the claim that the State failed to produce any independent witness, and the claim that the witnesses actually presented by the State were not credible.
 {¶ 11} A sufficiency of the evidence argument challenges whether the State has *Page 4 
presented adequate evidence on each element of the offense to allow the case to go to the jury or to sustain the verdict as a matter of law.State v. Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52. The proper test to apply to such an inquiry is the one set forth in paragraph two of the syllabus of State v. Jenks (1991), 61 Ohio St.3d 259: "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." In contrast, when reviewing a judgment under a manifest weight standard of review "[t]he court reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [factfinder] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which evidence weighs heavily against the conviction." Thompkins, supra, quotingState v. Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 12} Blake was convicted of two counts of misdemeanor Assault in violation of R.C. 2903.13(A), which provides that "[n]o person shall knowingly cause or attempt to cause physical harm to another * * *." "Physical harm" is defined as "any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.01(A)(3). *Page 5 
 {¶ 13} There is evidence in the record that Blake punched both Jones and Holt. Although she may not have caused physical harm to either, one can infer that she attempted to cause physical harm due to the fact that she aimed her punch at Holt's face and that she actually landed a full blow to Jones's shoulder. The evidence in this case, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.
 {¶ 14} Although Blake testified that she did not hit either woman, the trial court was presented with evidence from Jones and Holt upon which the trial court, as factfinder, could reasonably find otherwise. Also, the fact that Holt and Jones were not "independent" witnesses, goes to the credibility of their testimony. It does not automatically render the convictions erroneous. This court has held that "in assessing the credibility of conflicting testimony, as opposed to assessing the strength of competing inferences, an appellate court must give substantial deference to the finder of fact, who has seen and heard the witnesses." State v. Lawson (August 22, 1997), Montgomery App. No. 16288.
 {¶ 15} We conclude that Blake's conviction is supported by sufficient evidence and is not against the manifest weight of the evidence presented. Accordingly, the sole assignment of error is overruled.
 III {¶ 16} Blake's sole assignment of error having been overruled, the judgment of the trial court is Affirmed. *Page 6 
GRADY and DONOVAN, JJ., concur.
Copies mailed to:
 Hon. Carl Sims Henderson *Page 1