[Cite as *State v. Burkhart*, 2012-Ohio-439.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -v.- | : | |
| | : | |
| CRAIG BURKHART | : | Case No. 11AP030010 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common
                              Pleas, Case No. 2010CR010002


JUDGMENT:                     Affirmed


DATE OF JUDGMENT:             February 3, 2012


APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

MICHAEL J. ERNEST                      JACOB T. WILL
125 East High Avenue                   116 Cleveland Avenue, NW
New Philadelphia, OH  44663            Suite 808
                                       Canton, OH  44702

*Farmer, J.*

{¶1}    On January 6, 2010, the Tuscarawas Grand Jury indicted appellant, Craig Burkhart, on one count of engaging in a pattern of corrupt activity in violation of R.C. 2923.32, five counts of grand theft in violation of R.C. 2913.02, and three counts of aggravated theft in violation of R.C. 2913.02.   Said charges arose from numerous solicitations of funds from many individuals by appellant's mother, Valerie Gordon, appellant's stepfather, Joel Gordon, and appellant's aunt, Paula Levengood Lee.   The three believed they were soliciting funds to support appellant in a lawsuit against the city of New Philadelphia.   In fact, there was no lawsuit, and appellant was using the funds to support his drug addiction.

{¶2}    A bench trial commenced on November 22, 2011.   The trial court found appellant guilty as charged.   By judgment entry filed March 2, 2011, the trial court sentenced appellant to an aggregate term of eight years in prison.

{¶3}    Appellant filed an appeal and this matter is now before this court for consideration.   Assignments of error are as follows:

I

{¶4}    "THE APPELLANT'S CONVICTION FOR ENGAGING IN A PATTERN OF CORRUPT ACTIVITY IN VIOLATION OF R.C. 2923.32 WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AS THE STATE FAILED TO PROVE THE ELEMENT OF AN ENTERPRISE."

II

{¶5} "THE APPELLANT'S CONVICTION FOR AGGRAVATED THEFT IN VIOLATION OF R.C. 2913.02 WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AS THE STATE FAILED TO PROVE THE AGE OF THE VICTIM."

I

{¶6} Appellant claims his conviction for engaging in a pattern of corrupt activity was against the manifest weight of the evidence as the state failed to prove the element of an "enterprise." We disagree.

{¶7} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin* (1983), 20 Ohio App.3d 172, 175. See also, *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

{¶8} Appellant was convicted of engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1) with the predicate offenses being five counts of grand theft and three counts of aggravated theft. We note appellant does not challenge his convictions on the predicate offenses.[1]

---

[1]Appellant originally challenged his conviction on one of the aggravated theft counts, but withdrew Assignment of Error II at oral argument.

{¶9} R.C. 2923.32(A)(1) provides, "[n]o person employed by, or associated with, any enterprise shall conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity or the collection of an unlawful debt."

{¶10} R.C. 2923.31(C) states "enterprise" "includes any individual, sole proprietorship, partnership, limited partnership, corporation, trust, union, government agency, or other legal entity, or any organization, association, or group of persons associated in fact although not a legal entity. 'Enterprise' includes illicit as well as licit enterprises."

{¶11} R.C. 2923.31(E) defines "pattern of corrupt activity" as "two or more incidents of corrupt activity, whether or not there has been a prior conviction, that are related to the affairs of the same enterprise, are not isolated, and are not so closely related to each other and connected in time and place that they constitute a single event."

{¶12} Appellant does not dispute the fact that he accepted money under deception from Joel Gordon, Valerie Gordon, Paula Levengood Lee, Norma Murphy, Bert Dinsio, Richard Levengood, Cynthia Lumpcik, and Julie Murphy. The deception was that appellant needed funds to facilitate his lawsuit against the city of New Philadelphia. Appellant admitted he did not need funds to finance the lawsuit as the lawsuit did not exist. Appellant used the funds for his own purposes, to support his drug addiction.

{¶13} Appellant specifically argues his three family members who solicited the funds, Joel Gordon, Valerie Gordon, and Paula Levengood Lee, did not know of his scheme to use the money for drugs nor did they know they were obtaining the monies

under false pretenses. In other words, they believed there was a lawsuit and money was needed to finance the lawsuit. It is uncontested they engaged in an effort to obtain funds from individuals to finance the fabricated lawsuit. They believed in the pretense concocted by appellant.

{¶14} Appellant argues this activity does not meet the definition of "enterprise" because the solicitors were victims just as much as the solicited victims.

{¶15} In *State v. Schlosser,* 79 Ohio St.3d 329, 1998-Ohio-716, the Supreme Court of Ohio addressed a similar fact pattern in its review of the culpable mental state for R.C. 2923.32. In *Schlosser,* relatively innocent telemarketers engaged in the solicitation of customers. The offender's predicate offenses were violations of R.C. 4712.02(J), failure to register as a credit services organization. As pointed out at 335, the focus of the activity is the action of the offender and what purpose he/she was intending to cause:

{¶16} "The *pattern* of corrupt activity is demonstrated by the fact that the appellee *committed* the predicate offense. The General Assembly has determined that if a defendant has engaged in two or more acts constituting a predicate offense, he or she *is engaging in a pattern* of corrupt activity and may be found guilty of a RICO violation." (Emphasis sic.)

{¶17} This definition was further refined in *State v. Scott,* Morgan App. No. 06 CA 1, 2007-Ohio-303, ¶45:

{¶18} "In order to establish the existence of an 'enterprise' under Ohio's RICO Act, there must be some evidence of: (1) an ongoing organization, formal or informal; (2) with associates that function as a continuing unit; and (3) with a structure separate

and apart, or distinct, from the pattern of corrupt activity. *State v. Teasley,* Franklin App. Nos. 00AP-1322, 00AP-1323, 2002-Ohio-2333, ¶53, citing *State v. Warren* (1992), Franklin App. No. 92AP-603, and *United States v. Turkette* (1981), 452 U.S. 576, 583, 101 S.Ct. 2524, 69 L.Ed.2d 246."

{¶19} From the evidence presented, appellant initiated an ongoing organization to obtain funds by deception i.e., concocted the tale of the lawsuit to obtain funds from others to support his drug habit. The Gordons and Levengood Lee were his associates that functioned as a continuing unit for over one year and as relatives of appellant, were separate and apart from appellant's deception.

{¶20} Upon review, we conclude the definition of "enterprise" as defined in the statute has been established by the manifest weight of the evidence. We find no manifest miscarriage of justice.

{¶21} Assignment of Error I is denied.

II

{¶22} This assignment of error was withdrawn at oral argument.

{¶23} The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and Wise, J. concur.


_s/ Sheila G. Farmer_____

_s/ William B. Hoffman_____

_s/ John W. Wise_____

JUDGES

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                           :
                                        :
        Plaintiff-Appellee              :
                                        :
v.                                      :       JUDGMENT ENTRY
                                        :
CRAIG BURKHART                          :
                                        :
        Defendant-Appellant             :       CASE NO. 11AP030010

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio is affirmed. Costs to appellant.

s/ Sheila G. Farmer_____

_s/ William B. Hoffman_____

_s/ John W. Wise_____

JUDGES