[Cite as *State v. Foughty*, 2013-Ohio-2297.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | JUDGES: |
|---|---|---|
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Sheila G. Farmer, J. |
| -vs- | : | |
| | : | |
| RICKY W. FOUGHTY | : | Case No. 12-CA-45 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:       Appeal from the Court of Common
                                Pleas, Case No. 2012-CR-0156



JUDGMENT:                       Affirmed



DATE OF JUDGMENT:               June 3, 2013



APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

CRYSTAL A. BENNETT                        THOMAS S. GORDON
239 West Main Street                      P.O. Box  314
Suite 101                                 Pickerington, OH  43147
Lancaster, OH  43130

*Farmer, J.*

{¶1}   On March 23, 2012, the Fairfield County Grand Jury indicted appellant, Ricky Foughty, on one count of illegal manufacture of controlled substance (methamphetamine) in violation of R.C. 2925.04 and one count of illegal assembly or possession of chemicals used to manufacture controlled substance (methamphetamine) with intent to manufacture controlled substance in violation of R.C. 2925.041.

{¶2}   A jury trial commenced on June 5, 2012.  The jury found appellant guilty of complicity for both counts.  By entry filed July 24, 2012, the trial court found the offenses to be allied offenses.  The state elected to have appellant sentenced on the complicity of the illegal manufacture of controlled substance (methamphetamine) count.  By judgment entry filed August 6, 2012, the trial court sentenced appellant to three years in prison.

{¶3}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶4}   "THE TRIAL COURT'S DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AND WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE."

I

{¶5}   Appellant claims his convictions were against the manifest weight and sufficiency of the evidence.  We disagree.

{¶6}   On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction.  *State*

*v. Jenks,* 61 Ohio St.3d 259 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia,* 443 U.S. 307 (1979). On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin,* 20 Ohio App.3d 172 (1983), 175. See also, *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

{¶7} Appellant was convicted of complicity in violation of R.C. 2923.03(A)(2) ("[n]o person, acting with the kind of culpability required for the commission of an offense, shall***[a]id or abet another in committing the offense") of the illegal manufacture of controlled substance (methamphetamine) in violation of R.C. 2925.04(A) ("[n]o person shall knowingly cultivate marihuana or knowingly manufacture or otherwise engage in any part of the production of a controlled substance") and of the illegal assembly or possession of chemicals used to manufacture controlled substance (methamphetamine) with intent to manufacture controlled substance in violation of R.C. 2925.041(A) ("[n]o person shall knowingly assemble or possess one or more chemicals that may be used to manufacture a controlled substance in schedule I or II with the

intent to manufacture a controlled substance in schedule I or II in violation of section 2925.04 of the Revised Code").

{¶8}   Appellant argues there was no evidence that he assisted another in possessing the pills necessary to manufacture methamphetamine, that he possessed or assisted another in possessing any other items necessary for the manufacture of methamphetamine, or that he helped another manufacture methamphetamine.

{¶9}   On March 16, 2012, police officers were dispatched to a residence based on an anonymous tip that methamphetamine was being produced therein.  T. at 255, 291-292.  Appellant opened the door and permitted the officers to enter.  T. at 256-257, 298, 300, 303.  He explained that he rented a room in the residence.  T. at 164-165, 196, 302.  The officers informed appellant they were looking for an individual named "Chastity" who was allegedly manufacturing methamphetamine.  T. at 258.  Appellant went to his room and told Chastity overly loud to get dressed because the police wanted to talk to her.  T. at 259-260, 304-305.  Chastity came out and then went back to the room to retrieve her identification.  T. at 260-261, 306.  Upon entering appellant's room, the officers were overcome by smoke and a chemical smell.  T. at 261, 307-308.  The responding officers and the detectives that arrived on the scene found materials in the room used to make methamphetamine.  T. at 146-152, 166-167, 172-173, 176-181, 233-235, 262-263, 309-310, 459-461, 466-467; State's Exhibits 4, 6-8, and 25.

{¶10} Chasity Perkins, appellant's co-defendant, admitted she knew how to "cook" methamphetamine and was "a good meth cooker."  T. at 331-332.  She testified that appellant picked her up and brought her to his room to correct a batch of methamphetamine that was "messed up."  T. at 334-336.  The only items she supplied

were some jars, tubing, and wire cutters. T. at 336. She testified appellant participated in manufacturing the methamphetamine and "burped" the bottles. T. at 347, 357, 385-386. Appellant and an individual named "Louie" provided the Sudafed for her to cook the methamphetamine. T. at 355. Many items needed to cook methamphetamine, lithium batteries, heating utensils, paint thinner, bottles, and Sudafed, were provided to her when she got to the room. T. at 344-345, 355, 364-365, 367-368. She testified she was dressed when the officers arrived. T. at 349-351.

{¶11} The jury had the opportunity to question Ms. Perkins's credibility via the plea deal given to her and her cross-examination by appellant's defense counsel. Given Ms. Perkins's testimony, corroborated by the many items found in appellant's room to manufacture methamphetamine, the noticeable smoke and chemical smell, and appellant's attempt to "cover up" the production of methamphetamine after the officers arrived, we find sufficient credible evidence to sustain the convictions, and no manifest miscarriage of justice.

{¶12} The sole assignment of error is denied.

{¶13}  The judgment of the court of Common Pleas of Fairfield County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Hoffman, J. concur.

SGF/sg 521