[Cite as *State v. Spraggins*, 2013-Ohio-2537.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 99004

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DESEAN L. SPRAGGINS

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-563036

**BEFORE:** Celebrezze, P.J., Blackmon, J., and McCormack, J.

**RELEASED AND JOURNALIZED:** June 20, 2013

**ATTORNEY FOR APPELLANT**

Edward M. Heindel
450 Standard Building
1370 Ontario Street
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY: Edward Fadel
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} Defendant-appellant, Desean L. Spraggins, appeals from his convictions for kidnapping, robbery, and theft. For the reasons set forth below, we affirm.

{¶2} On June 1, 2012, the Cuyahoga County Grand Jury returned a four-count indictment against appellant, charging him with kidnapping in violation of R.C. 2905.01(A)(2), a felony of the first degree ("Count 1"); robbery in violation of R.C. 2911.02(A)(2), a felony of the second degree ("Count 2"); robbery in violation of R.C. 2911.02(A)(3), a felony of the third degree ("Count 3"); and theft in violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree ("Count 4"). Counts 1 and 2 each contained notice of prior conviction and repeat violent offender specifications.

**{¶3}** A jury trial on Counts 1 through 4 commenced on August 14, 2012. Appellant waived his right to a jury trial on the repeat violent offender specifications listed in Counts 1 and 2.

**{¶4}** At trial, the victim, Kirk Hafner, testified that on May 21, 2012, he was sitting at a picnic table in Edgewater Park when he was approached by appellant. According to Hafner, appellant asked if Hafner knew what time it was and then proceeded to sit at the opposite end of the picnic table. Hafner testified that he engaged in a brief conversation with appellant and that appellant discussed the hardships of his life. After approximately ten minutes, Hafner informed appellant that "it was getting late" and that he "was gonna get going." However, as Hafner began walking toward his vehicle, which was approximately ten feet away, appellant cut Hafner off and asked "if [he] could help out with a few dollars."

**{¶5}** Hafner testified that when he refused to give appellant money, appellant stated, "[you are] not leaving until [I] get some money." At that time, the men began pushing each other, and appellant attempted to grab Hafner by the throat and place him in a headlock. Hafner testified that the situation made him feel "threatened, scared, and angry." After several minutes of struggling with appellant, Hafner asked, "If I give you $20, will you go away?" When appellant said yes, Hafner gave him the money and appellant immediately left the park. Hafner testified that he began to dial 911 as he drove out of the park when he saw a Cleveland police officer parked in his patrol vehicle at a nearby intersection.

{¶6} Officer Byron Brody of the Cleveland Police Department testified that he was on duty on May 21, 2012, in the area of West Boulevard and Lake Avenue when Hafner approached his patrol vehicle and stated that he had just been robbed by a man in Edgewater Park. Officer Brody testified that Hafner was visibly upset. After several sweeps through the park, Officer Brody was unable to locate the man described to him by Hafner. Thereafter, Officer Brody returned to Hafner and obtained a complete report.

{¶7} On May 23, 2012, Hafner returned to Edgewater Park to take a walk. However, before he could exit his vehicle, he saw appellant near the parking lot. Hafner testified that he immediately left the park and stopped a nearby Cleveland police officer. Hafner informed the officer of the police report he made two days earlier and that the perpetrator was currently in the park. Subsequently, Hafner returned to the park with officers and identified appellant as his attacker. Appellant was arrested at that time.

{¶8} During the cross-examination of Hafner, defense counsel attempted to portray Hafner's interaction with appellant as an unreciprocated sexual advancement, and not a robbery as alleged. However, Hafner expressly denied defense counsel's allegations that his interaction with appellant was sexually motivated.

{¶9} At the conclusion of trial, appellant was found guilty of a lesser included offense of Count 1, kidnapping under R.C. 2905.01(A)(2), a felony of the second degree. Further, the jury found him guilty of Count 3, robbery, and Count 4, theft. The jury found appellant not guilty as to Count 2, robbery. The trial court subsequently found appellant guilty of the repeat violent offender and notice of prior conviction specifications

contained in Count 1. After the verdict, the trial court referred appellant for a presentence investigation and report.

{¶10} On September 14, 2012, the state elected to proceed to sentencing on appellant's kidnapping conviction, and the trial court sentenced appellant to a seven-year term of imprisonment.

{¶11} Appellant now brings this timely appeal, raising two assignments of error for review:

> I. The convictions for kidnapping, robbery and aggravated [sic] theft were against the manifest weight of the evidence, and not supported by sufficient evidence.

> II. The trial court erred when it provided a flight instruction to the jury over the objection of defense counsel.

**Law and Analysis**

**I. Manifest Weight and Sufficiency of the Evidence**

{¶12} In his first assignment of error, appellant argues that his convictions for kidnapping, robbery, and theft were against the manifest weight of the evidence and not supported by sufficient evidence.

{¶13} When an appellate court reviews a claim of insufficient evidence, "'the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, ¶ 77, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. The weight to be given the evidence

and the credibility of the witnesses are primarily for the trier of fact. *State v. Tenace*, 109 Ohio St.3d 255, 2006-Ohio-2417, 847 N.E.2d 386, ¶ 37.

{¶14} On the other hand, the weight of the evidence concerns the inclination of the greater amount of credible evidence offered to support one side of the issue rather than the other. *State v. Robinson*, 8th Dist. No. 96463, 2011-Ohio-6077, ¶ 14, citing *State v. Brindley*, 10th Dist. No. 01AP-926, 2002-Ohio-2425, ¶ 35. When presented with a challenge of the manifest weight of the evidence, an appellate court, after

> "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."

*State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). An appellate court should reserve reversal of a conviction as being against the manifest weight of the evidence for only the most "'exceptional case in which the evidence weighs heavily against the conviction.'" *Id.*

{¶15} Appellant was convicted of kidnapping in violation of R.C. 2905.01(A)(2), which states in part: "[n]o person, by force, threat, or deception, * * * shall remove another from the place where the other person is found or restrain the liberty of the other person, * * * [t]o facilitate the commission of any felony or flight thereafter[.]"

{¶16} Appellant was also convicted of theft in violation of R.C. 2913.02(A)(1), which provides that "[n]o person, with purpose to deprive the owner of property or

services, shall knowingly obtain or exert control over either the property or services * * * [w]ithout the consent of the owner or person authorized to give consent[.]"

{¶17} Finally, appellant was convicted of robbery in violation of R.C. 2911.02(A)(3), which provides that "[n]o person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall * * * use or threaten the immediate use of force against another."

{¶18} In the case at hand, the test for sufficiency was met. The testimony presented at trial established that on May 21, 2012, appellant approached Hafner and after a brief conversation asked him for money. When Hafner declined, appellant stepped between Hafner and his vehicle, stating "[I'm] not leaving until [I] get some money." At that point, Hafner tried to push past appellant, but appellant managed to physically prevent Hafner from getting to his vehicle. Hafner testified that during the struggle, appellant punched Hafner in the shoulder and attempted to place him in a headlock. Hafner testified that appellant's forceful conduct caused him to feel "threatened, scared, and angry." Believing appellant may cause him further harm, Hafner complied with appellant's demands and gave him $20.

{¶19} From this evidence, a rational trier of fact could find that appellant, through the use of force, restrained the liberty of Hafner in order to exert control over Hafner's property without his consent. Accordingly, we find that the state presented sufficient evidence to sustain appellant's kidnapping, theft, and robbery convictions.

{¶20} Furthermore, we are unable to conclude that this is the exceptional case in which the evidence weighs heavily against appellant's convictions. In challenging the weight of the evidence supporting his convictions, appellant argues that Hafner's testimony at trial was untruthful. Contrary to Hafner's testimony, appellant submits that his interaction with Hafner on May 21, 2012, did not involve a physical struggle over money. Rather, appellant characterizes the events as a "homosexual encounter gone awry." Specifically, defense counsel suggested during trial that Hafner freely gave appellant the money as a "buy off" after Hafner made an inappropriate sexual advance toward appellant and feared appellant may call the police.

{¶21} Despite appellant's theory at trial, Hafner expressly denied defense counsel's allegations during cross-examination that his encounter with appellant was sexually motivated. Additionally, appellant did not present any testimony or evidence to support his version of the events. The jury, as the trier of fact, was in the best position to weigh the credibility of the witnesses and was free to find the testimony of Hafner to be credible. Deferring to the jury's assessment of the witnesses' credibility, as we must, we cannot say that the trier of fact lost its way and performed a miscarriage of justice in convicting appellant of kidnapping, theft, and robbery.

{¶22} Appellant's first assignment of error is overruled.

## II. Jury Instruction

{¶23} In his second assignment of error, appellant argues that the trial court erred when it provided a flight instruction to the jury over the objection of defense counsel.

Appellant contends that the evidence presented at trial did not warrant a flight instruction. We disagree.

**{¶24}** We review a trial court's issuance of a jury instruction for an abuse of discretion. *State v. Williams*, 8th Dist. No. 90845, 2009-Ohio-2026. Further, jury instructions are reviewed in their entirety to determine if they contain prejudicial error. *State v. Fields*, 13 Ohio App.3d 433, 436, 469 N.E.2d 939 (8th Dist.1984).

> Flight from justice "means some escape or affirmative attempt to avoid apprehension." It is well established that evidence of flight is admissible as tending to show consciousness of guilt. Thus, a trial court does not abuse its discretion by issuing an instruction on flight if sufficient evidence exists in the record to support the charge.

(Citations omitted.) *State v. Benjamin*, 8th Dist. No. 80654, 2003-Ohio-281, ¶ 31.

**{¶25}** In *State v. Santiago*, 8th Dist. No. 95516, 2011-Ohio-3058, this court held that "the trial court did not abuse its discretion in giving a flight instruction where the evidence established that the defendant departed the scene, was sought for questioning about the crime, and could not be located." *Id.* at ¶ 34, citing *State v. Villa*, 9th Dist. No. 05CA008773, 2006-Ohio-4529.

**{¶26}** In this matter, the evidence presented at trial demonstrated that once appellant obtained money from Hafner, he immediately left the park. Subsequently, the police responded to the scene within a short period of time, but were unable to locate appellant for questioning. In accordance with this court's decision in *Santiago*, we conclude that the trial court properly determined that a flight instruction was warranted.

Nothing suggests that the trial court acted arbitrarily, and thus, we cannot find that the trial court abused its discretion.

**{¶27}** Appellant's second assignment of error is overruled.

**{¶28}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

PATRICIA A. BLACKMON, J., and
TIM McCORMACK, J., CONCUR