[Cite as *State v. Abraham*, 2025-Ohio-3044.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | Case No. 2024 CA 00100 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Court of Common Pleas, Case No. 2024 CR 00214 |
| JOHN ABRAHAM | Judgment:   Affirmed |
| Defendant – Appellant | Date of Judgment Entry: August 26, 2025 |

**BEFORE:** William B. Hoffman; Andrew J. King; Robert G. Montgomery, Appellate Judges

**APPEARANCES:** KENNETH W. OSWALT, for Plaintiff-Appellee; SIERRA SEE, for Defendant-Appellant.

OPINION

*King, J.*

{¶ 1}   Defendant-Appellant John Abraham appeals the November 21, 2024 judgment of conviction and sentence of the Licking County Court of Common pleas finding him guilty of five counts of theft and one count of telecommunications fraud following a trial to the court. Plaintiff-Appellee is the State of Ohio. We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   Tabitha Wilson opened Whiskey River Soap in 2015. Wilson was also in a relationship with Abraham at the time. The two cohabitated and have children in common.

Abraham became an employee of Whiskey River Soap and his role in the company evolved over time. He began by assisting Wilson and then eventually began handling the finances; billing, payroll, vendor payments, accounting, and taxes.

{¶ 3}  In 2019, Abraham requested that Wilson grant him the ability to make electronic transfers to pay vendors and sign paychecks himself. Wilson agreed and Abraham completed the required training through the bank utilized by Whiskey River Soap.

{¶ 4}  At the end of 2021, Wilson discovered Abraham had devised a scheme to transfer company funds into his own bank account via electronic transfer. She noticed Abraham would pay a vendor, then make a second payment for an identical amount and in the name of the vendor, but deposit the payment into his own personal bank account. Abraham made deposits to his account as follow:

{¶ 5}  October 11, 2021, $9,171.06.

{¶ 6}  November 9, 2021, $12,152.00.

{¶ 7}  November 29, 2021, $6,985.23.

{¶ 8}  December 8, 2021, $5,987.32.

{¶ 9}  December 15, 2021, $2000.00.

{¶ 10} Wilson fired Abraham and reported the theft to the Newark Police Department. Following an investigation, Abraham was charged with one count of telecommunications fraud and five counts of theft.

{¶ 11} Abraham pled not guilty to the charges and opted to proceed to a trial to the court. After hearing the evidence, the trial court found Abraham guilty as charged.

Abraham was subsequently sentenced to three years of community control and ordered to pay restitution to Whiskey River Soap.

{¶ 12} Abraham filed an appeal and the matter is now before this court for consideration. He raises one assignment of error as follows:

I

{¶ 13} "THE CONVICTION OF THE DEFENDANT-APPELLANT WAS OBTAINED WITHOUT SUFFICIENT EVIDENCE BEING PRESENTED TO ESTABLISH EACH AND EVERY ELEMENT OF THE OFFENSE IN QUESTION. "

{¶ 14} Abraham's sole assignment of error proports to challenge the sufficiency of the evidence. As noted by the State, however, Abraham's arguments appear to challenge the weight of the evidence. In the interest of justice, we address both.

Applicable Law

{¶ 15} A review of the sufficiency of the evidence and a review of the manifest weight of the evidence are separate and legally distinct determinations. *State v. Thompkins*, 78 Ohio St.3d 380, 387(1997) "While the test for sufficiency requires a determination of whether the State has met its burden of production at trial, a manifest weight challenge questions whether the State has met its burden of persuasion." *Id*. at 390.

{¶ 16} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks,* 61 Ohio St.3d 259 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at

paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307 (1979). On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983). See also, *State v. Thompkins*, 78 Ohio St.3d 380 (1997). The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

{¶ 17} Abraham was convicted of one count of telecommunication fraud pursuant to R.C. 2913.05(A). That section provides:

> (A) No person, having devised a scheme to defraud, shall knowingly disseminate, transmit, or cause to be disseminated or transmitted by means of a wire, radio, satellite, telecommunication, telecommunications device, telecommunications service, or voice over internet protocol service any writing, data, sign, signal, picture, sound, or image with purpose to execute or otherwise further the scheme to defraud.

{¶ 18} Abraham was further convicted of five counts of theft, pursuant to R.C. 2913.02(A) which states in relevant part:

(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:

(1) Without the consent of the owner or person authorized to give consent;

(2) Beyond the scope of the express or implied consent of the owner or person authorized to give consent;

(3) By deception;

. . .

{¶ 19} Abraham sets forth one argument, specifically that the State failed to prove he did not have a possessory interest in the funds. He does not deny he took the funds through electronic transfer and he concedes that no official partnership agreement existed. But Abraham insists a partnership existed anyway. He supports his argument by providing the legal test for the existence of a partnership under R.C. 1775.06. But Abraham never raised this argument below. It is well settled that arguments not raised in the trial court are forfeited on appeal. Had Abraham raised this theory below, the trial court could have addressed it. By failing to do so he has forfeited the same on appeal.

{¶ 20} Moreover, the testimony presented supports the trial court's verdict and its verdict is not against the manifest weight of the evidence. The State presented documentation showing Wilson was the sole owner of Whiskey River Soap. State's exhibit 15. Wilson testified that she had told Abraham multiple times that he was not to use the funds out of the company's operating account for his personal use. She testified she knew

Abraham was using funds from the company account for things like going out to bars and taking people out, and did not stop that behavior despite her request that he do so. Transcript of trial (T.) at 48-49. The State additionally presented documentation that Abraham's later scheme consisted of double payments to vendors; one to the vendor and one in the name of the vendor but deposited into his personal account via electronic transfer. State's exhibits 1-11; testimony of Wilson T. 33-62.

{¶ 21} Moreover, Abraham's own testimony supported the trial court's verdict. He admitted his motivation for taking the money was the fact that he having an affair and his concern for how Wilson would react is she found out. He testified he began taking money to "protect himself" in the event she found out. Abraham further testified he could not be placed on the corporate paperwork because of a "tax issue" in his past, and had been pressuring Wilson to put something in writing making him a half owner, all demonstrating his knowledge that he was not a half owner. T. 104-105. He additionally did not deny his scheme of appearing to pay vendors but instead paying himself. Given this evidence, the trial court as the finder of fact could have easily concluded that Abraham's surreptitious movement of the money weighed against his claim that he had carte blanche access to the money as a co-owner. We therefore conclude Abraham's convictions are supported by sufficient evidence and are not against the manifest weight of the evidence.

{¶ 22} The sole assignment of error is overruled. The judgment of the Licking County Court of Common Pleas is affirmed.

{¶ 23} For the reasons stated in our accompanying Opinion, the judgment of the Licking County Court of Common Pleas is affirmed.

{¶ 24} Costs to Appellant.


By: Hoffman, P.J.

King, J. and

Montgomery, J. concur.